# EXHIBIT C1

ORIGINAL

FILED IN CLERK'S OFFICE
U.S D.C. Atlanta

DEC 2 9 2005

LUTHER D. THOMAS, Clerk
By _____ Deputy Clerk

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

RICHARD A. ADAMS,                    )
                                     )
            Plaintiff,               )
                                     )
    v.                               )    CIVIL ACTION FILE NO.
                                     )    1:05-CV-3308
IBM CORP.                            )              JWT
                                     )
            Defendant.               )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendant IBM Corp. ("Defendant") hereby removes civil action case number 05 M023279 from the Magistrate Court of DeKalb County, State of Georgia on the following grounds:

1.      On or about December 2, 2005, Plaintiff commenced a civil action against Defendant in the Magistrate Court of DeKalb County, State of Georgia. The Clerk of the Magistrate Court of DeKalb County issued a summons in connection with the Magistrate Court action and served said action on or about December 5, 2005. A copy of the Complaint and Summons is attached hereto as Exhibit "A".

FORMS RECEIVED
Consent To US Mag. _____
Pretrial Instructions _____
The VII NFC _____
b _____

2.     No proceedings have been had in the Magistrate Court action. Defendant has not answered or served any responsive pleadings to the complaint, or made any appearance or argument in the Magistrate Court of DeKalb County, State of Georgia.

3.     In the Complaint, Plaintiff alleges various claims arising out of a welfare benefit program.     Accordingly, these claims are preempted by the Employment Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001-1461. This Court, therefore, has original jurisdiction over this case pursuant to 28 U.S.C. § 1331, because plaintiff's claims raise issues of federal law.

4.     Defendant concurrently is giving notice of this filing to the clerk of the Magistrate Court of DeKalb County, Georgia.  A copy of the Notice of Filing Notice of Removal is attached hereto as Exhibit "B".

WHEREFORE, Defendant files this Notice of Removal from the Magistrate Court of DeKalb County, State of Georgia, in which the case is now pending, to the United States District Court for the Northern District of Georgia, Atlanta Division.

2

Respectfully submitted this 29th day of December, 2005.

By: _____

Stephen X. Munger
Georgia Bar No. 529611
Owen T. Hill
Georgia Bar No. 354393
JACKSON LEWIS, LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia 30303-1226
Telephone: (404) 525-8200
Facsimile: (404) 525-1173

ATTORNEYS FOR DEFENDANT
IBM CORP.

## **CERTIFICATION**

I, Owen Hill, do hereby certify that this document has been prepared in Book Antiqua font, 13 point, in compliance with LR 5.1B of this Court.

_____
Owen T. Hill

3

# EXHIBIT C2

OSIMKU010630

# MAGISTRATE COURT OF DEKALB COUNTY
## DEKALB COUNTY COURTHOUSE

PLAINTIFF: Richard A. Adams    DEFENDANT: IBM Corp

_(Name and Address)_    _(Name and Address)_ 30361

### STATEMENT OF CLAIM

☐ Suit on a Note    ☐ Suit on Account    ☒ Other (Explain) _____

1. The Court has jurisdiction over the Defendant.

2. Plaintiff says the defendant is indebted to the plaintiff as follows:

I did not receive interest on the money that plaintiff had of $151,000. I received a letter stated and dated 2005 from defendant that stated, If you elect a lump sum the amount of your lump sum will be larger the longer you wait to receive you benefit, I waited 16 mo.

That said claim is in the amount of $ 15,000.00 _plus_ $_____ cost to date; and all future costs of this suit.

State of Georgia, DeKalb County

Richard A. Adams being duly sworn on oath, says the foregoing is a just and true statement of the plaintiff
and claim made by plaintiff against defendant, exclusive of all set-offs and just grounds of defense.

_Richard A. Adams_
(Agent for) Plaintiff
Sworn and subscribed before me
this _____ day of _December 2005_

IBM Corp

_____ (Plaintiff's Address)

Notary Public or Attesting Officer    Phone Number 770 981-6065

☐ Afternoon Trial    ☐ Evening Trial

### NOTICE AND SUMMONS

TO    IBM Corp

You are hereby notified that Richard A. Adams has made and filed a claim and is asking for a judgment against you in
the sum of $ 15,000.00 dollars as shown by the foregoing statement. YOU ARE REQUIRED TO FILE OR
PRESENT AN ANSWER TO THIS CLAIM WITHIN 30 DAYS AFTER SERVICE OF THIS CLAIM UPON YOU. IF YOU DO NOT ANSWER,
JUDGMENT BY DEFAULT WILL BE ENTERED AGAINST YOU. YOUR ANSWER MAY BE FILED IN WRITING OR MAY BE GIVEN
ORALLY TO THE CLERK OF THE MAGISTRATE COURT DURING REGULAR COURT HOURS. FILE YOUR ANSWER, 1ST FLOOR,
DEKALB COUNTY COURTHOUSE, ROOM 103, 556 N. McDONOUGH STREET, DECATUR, GEORGIA 30030.

The court will hold a hearing upon this claim at a time to be set after your answer is filed. If you have witnesses, books, receipts,
or other writings bearing on this claim, you should bring them with you at the time of the hearing. If you wish to have witnesses
summoned, see the court at once for assistance.

If you have any claim against the plaintiff, you should notify the court at once. If you admit the claim, but desire additional time
to pay, you must come to the hearing in person and state the circumstances to the court.
You may come with or without an attorney.

statementofclaim8/2006

Served on 12-5-05
_Bryon K Bing_ 417

Clerk, Magistrate Court, DeKalb County

# EXHIBIT C3

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:05-CV-3308-TWT |
| IBM CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM IN SUPPORT OF
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

On December 2, 2005, Plaintiff Richard Adams ("Adams") filed this action

*pro se* in the Magistrate Court of DeKalb County, Georgia against Defendant IBM

Corporation ("IBM") seeking interest of $15,000 on a lump sum pension benefit

he received from IBM's Personal Pension Plan ("The Plan").

On December 29, 2005, IBM removed the case to this court based on

preemption under the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C.S. § 502(a)(1)(B).  After answering and obtaining salient documents, IBM

deposed Adams on June 1, 2006.  Discovery ended on June 6, 2006.  Based on

Adams' testimony, relevant plan documents and correspondence and the

Affidavit of the IBM Plan Administrator, Kenneth J. Morrissey, and the facts set forth in IBM's Statement of Undisputed Facts, IBM submits that summary judgment for IBM is appropriate on Adams' claim.

Summary judgment is appropriate because the Plan Administrator's denial of Adams' interest claim was neither arbitrary nor capricious. Specifically, the Plan Administrator declined interest for two reasons. First, Adams failed to timely elect and commence his lump sum Personal Pension Benefit after his retirement from IBM as required by the Plan. Second, the Plan does not allow for interest beyond age 65. Adams was 67 years old when he retired from IBM on May 31, 2003. Adams fails to introduce any evidence that suggests the decision had no reasonable factual basis. Moreover, he does not dispute any of the material facts. Accordingly, his claim should be dismissed.

## II.    ARGUMENT

### A.    The arbitrary and capricious standard applies to the review of the denial of interest.

Adams alleges an improper denial of benefits under a retirement plan in violation ERISA, 29 U.S.C.S. § 502 (a)(1)(B). In reviewing a denial of benefits claim under ERISA this Circuit first looks to the plan documents to determine if the claim's administrator has the discretion to interpret the terms in dispute. HCA Health Services of Ga., Inc., 240 F.3d 982, 992-93 (11th Cir. 2001). See also,

2

Slomcenski v. Citibank, N.A., 432 F.3d 1271, 1279-1280 (11th Cir. 2005) and

Williams v. Bellsouth Telecommunications., Inc., 373 F.3d 1132, 1137 (11th Cir.

2004). If the court finds the plan documents give the administrator discretion,

the court applies the arbitrary and capricious review. HCA, 240 F.3d at 993).

Finally, an administrator's determination must be upheld if the decision has a

reasonable factual basis. Slomcenski, 432 F3d at 1280.

The IBM Personal Pension Plan documents clearly give the Plan

Administrator discretion in determining eligibility for interest on a lump sum

benefit:

> The powers of the Plan Administrator shall include, without limitation, the full authority and discretion: (a) to promulgate and enforce such rules and regulations as it shall deem necessary or appropriate for the administration of the Plan, (b) to incorporate changes required by law, (c) to interpret the Plan (including the review of claims pursuant to Article 7), consistent with the terms and intent thereof, and resolve any possible ambiguities, inconsistencies and omission, (d) to determine the appropriate retirement income and Survivor Benefits in accordance with the provisions of the Plan, and (e) to determine whether one form of income under the Plan is the Actuarial Equivalent of another form of income under the plan. All such determinations and interpretations shall be conclusive, provided it is in accordance with the requirements of ERISA and the Code. (IBM Personal Pension Plan, Jan. 1, 1995, at 23.)

Accordingly, the arbitrary and capricious standard of review applies to

this court's review of the Plan Administrator's denial of interest on Adams' lump

sum benefit.

3

**B. Adams cannot show that the denial of interest on the lump sum distribution was arbitrary or capricious.**

Adams' only claim in this case is for interest on his lump sum personal pension benefit from his separation in May, 2003 until his election in September, 2005. The Plan Administrator denied such interest for two reasons. First, Adams failed to timely elect his distribution when he retired in May, 2003. Second, the Plan does not allow for interest on a lump sum benefit after the participant reaches age 65.

Adams admits that when he retired he received a written estimate of his benefit options and instructions on how to elect through the Employee Services Center ("ESC"). He also admits that despite repeated requests from IBM he made a conscious decision not to elect his distribution when he retired. He chose to wait because he wanted to contest the PPA balance and he did not want to jeopardize his share of any settlement in the Cooper case.

Adams concedes the Plan requires him to elect and commence his benefit the first day of the month next following his separation. Plan Section 12(a). He testified he deliberately made no such election until years later.

Adams cannot dispute that the Plan does not pay interest on a lump sum benefit beyond the Plan's normal retirement age of 65. Summary Plan

4

Description Section 1.6.8.1. Accordingly, when he retired at age 67 he was not entitled to any additional interest regardless of when he elected benefits. Finally, he does not dispute that under the Plan the administrator can delay the distribution of benefits until a proper application has been made to the ESC.

Clearly based on this record Adams has conceded that the plan administrator's denial of interest was reasonable. See Slomcenski, *supra* (affirming summary judgment for the defendant on a denial of benefits claims under ERISA where Plan administrator decision was not unreasonable). See also Buckley v. Metropolitan Life, 115 F.3d 936, (Per Curiam 11th Cir 1997) (affirming summary judgment for defendant where the plan administrator's denial of benefits had a reasonable basis).

Here, there is no ambiguity in the Plan about eligibility for interest on a lump sum benefit or when a participant must elect such a benefit. The Plan Administrator's decision was not only reasonable but compelled by the clear language of the Plan documents.

Finally, the documents cited by Adams to support his claim either have no bearing on the interest issue or support the decision to deny interest. Neither the Memorandum in the Cooper decision nor the Notice under the IBM Retirement Savings Plan address the issue of the election of benefits requirements under the

5

Plan. Likewise, they do not address interest on a lump sum benefit under the Plan after age 65.

The April 18, 2005 Projection Statement Letter and Section 1.6.5 of the SPD both support the administrator's decision as they require a timely election of benefits and receipt of lump sum benefits by age 65. Accordingly, Adams has failed to come forward with any evidence suggesting the denial of interest was arbitrary or capricious and his claim should be dismissed.

III.    **CONCLUSION**

For all of the above and foregoing reasons, Defendant IBM Corp. hereby requests this court to grant summary judgment in its entirety on behalf of Defendant IBM Corp.

Respectfully submitted this 17th day of July, 2006.


s/Stephen X. Munger, Esq.
Georgia Bar No. 529611
Owen T. Hill
Georgia Bar No. 354393
Attorneys for Defendant
JACKSON LEWIS, LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia  30303-1226
Telephone:  (404) 525-8200
Facsimile:  (404) 525-1173
mungers@jacksonlewis.com

6

## **CERTIFICATION**

I hereby certify that this document has been prepared in Book Antiqua font, 13 point, in compliance with LR 5.1C of this Court.

s/Stephen X. Munger, Esq.

7

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| **RICHARD A. ADAMS,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION FILE NO.** |
| | ) | **1:05-CV-3308-TWT** |
| **IBM CORP.** | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006 I electronically filed the **Memorandum in Support of Defendant's Motion for Summary Judgment** with the Clerk of Court using the CM/ECF system. I also hereby certify that I have mailed the foregoing document via United States Postal Service Certified Mail Return Receipt Requested to the following non-CM/ECF *pro se* plaintiff.

> Richard A. Adams
> 2401 Winshire Drive
> Decatur, GA 30035

> s/Stephen X. Munger
> Georgia Bar No. 529611
> Attorneys for Defendant
> JACKSON LEWIS, LLP
> 245 Peachtree Center Avenue, N.E.
> 1900 Marquis One Tower
> Atlanta, Georgia 30303-1226
> Telephone: (404) 525-8200
> Facsimile: (404) 525-1173
> mungers@jacksonlewis.com

# EXHIBIT C4

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 2 2006

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

RICHARD A. ADAMS,                )
                                 )
              Plaintiff,          )
                                 )
        v.                       )     CIVIL ACTION FILE NO.
                                 )     1:05-CV-3308-TWT
IBM CORP.                        )
                                 )
              Defendant.          )

MEMORANDUM IN SUPPORT OF
PLAINTIFF MOTION FOR SUMMARY JUDGMENT

In Chief G. Patrick Murphy's Memorandum and Order (Plaintiff's Exhibit 1) on page 3 under B. The July 1. 1999 Amendment When a participant's employment with IBM ends, he may withdraw his account balance as a lump sum, convert the account balance into an immediate life annuity, or defer the receipt of a lump sum payment or a life annuity until a later date. While a former employee is unable to earn additional pay credits, he continues

to accumulate interest credits <u>until</u>
his PPA balance is withdrawn.

Civil Case No. 99-829-GPM is about
discrimination and age discrimination so
the Judge did not use the age of 65
to cut off the interest credits.

I did not retire until I was 67 years
and 8 month old. I was receiving interest
credits after age 65.

I asked on many occasions what was the
gains of the Personal Pension Plan from
May 31, 2003 to Dec. 31, 2003. And the gains
of the "Plan" from Jan. 1, 2005 to May 31, 2005.

I have not been given the numbers.
But I do have the numbers for 2004.
My Exhibit 2 shows under Summary
Annual Report of the IBM Per. Pen. Plan

2

That the "Plan" had $4,184,842,410.00 in earning from investments, which is about 10% profit. My pension money was in the account when this profit was realized. I think it is fair that I should get my fair share of the profit or the percentage that I was charged on the level ing money that I was required to pay to the "PLAN".

In my Exhibit 3 which is page 21 from
About Your Benefits
Personal Pension Plan
Jan. 1, 2005
Doc.# USHR108

3

Under 1.6.5 Deferral of Payment.

It states that I may elect to put off to a farture time or postpone or delay my payment. It says nothing about me having to give IBM a date that I want to receive my payment. It also says that my account balance will earn intrest. I was not eligible to receive my pension on my 65th birthday as I was still employed by IBM.

In my Exhibit 4   I have a copy of my dates of retirement  and serial numbers.

4

In my exhibit 5 I would like to challange section '4'. I have never used Charles as an alias. There may be a Charles Adams employed by IBM but I am not Charles Adams.

I strongly agree with section 5.

I did section 6 - I elected to defer my distribution.

I feel that section 7 is very age discriminatory. While Mr. Morrissey may may discriminate against some one because of age, I believe it is illegal for the Plan to be bias to employee's over 65 years old.

5

Had I been 60 years old when I retired the 'Plan' says I would be eligible for interest credits. I do not think I should be discriminated against because of my age.

I think ERISA has age discrimination provisions to protect employees who have reached normal retirement age (age 65)

## Conclusion

I have shown that the 'Plan' made money while my account was with them, therefore it will not cost the 'Plan' any money to pay me interest on the account. I have also shown that Judge G Patrick Murphy has ruled that the 'Plan' should pay interest to

6

employee's on the account after they leave IBM until they receive their money.

I know that ERISA has provisions to prevent the 'Plan' from discriminating against employess who have reached the age of 65 years old.

For all of the above reasons, I Richard A. Adams (Plaintiff) hope this court will grant summary judgment to the plaintiff.

Respectfully submitted Aug. 1, 2006

Richard A. Adams
2401 Winshire Dr.
Decatur Ga 30035
770 981-6069

7

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

**FILED IN CLERK'S OFFICE**
U.S.D.C. Atlanta

**AUG 0 2 2006**

**JAMES N. HATTEN, CLERK**
By: _____ Deputy Clerk

RICHARD A. ADAMS,  )
    Plaintiff,  )
v.  )   **CIVIL ACTION FILE NO.**
  )   **1:05-CV-3308-TWT**
IBM CORP.  )
    Defendant.  )

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2006 I mailed a copy of Motion for Summary Judgment to the Clerk of Court using United States Postal Service Certified Mail Return Receipt Requested and a copy of said document to: Jackson Lewis, LLP
245 Peachtree Center Av NE
1900 Marquis One Tower
Atlanta, Ga. 30303-1226
Att: Stephen X. Munger, Esq.

Richard A. Adams
2401 Winshire Dr.
Decatur, Ga 30035
770-981-6069