UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                          :
RICHARD A. ADAMS, On behalf of himself and on             :        Case No. 07 CV 6984 (JSR)
behalf of all others similarly situated,                  :
                                                          :
                                                          :
                      Plaintiff,                          :
                                                          :
                                                          :
          - against -                                     :
                                                          :
                                                          :        ECF CASE
IBM PERSONAL PENSION PLAN and                             :
KENNETH J. MORRISSEY, Plan Administrator,                 :
                                                          :
                      Defendants.                         :
                                                          :
                                                          :
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x


**MEMORANDUM OF LAW IN SUPPORT
OF DEFENDANTS' RULE 12(b)(6) MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

**Page**

SUMMARY .................................................................................................................... 1

STATEMENT OF FACTS ............................................................................................. 2

    A.  Adams' First Underpayment Action .................................................................. 2

    B.  Adams' Second Underpayment Action ............................................................. 5

ARGUMENT .................................................................................................................. 6

I.   ADAMS' CLAIMS ARE BARRED BY RES JUDICATA. .................................... 6

II.  THIS ACTION MAY BE TRANSFERRED TO THE COURT THAT DECIDED
     THE PREVIOUS ACTION. .................................................................................... 9

CONCLUSION ............................................................................................................. 11

i

## TABLE OF AUTHORITIES

### CASES

*Adams v. IBM Corp.*, No. 105-CV-3308-TWT, 2006 WL 2947063
(N.D. Ga. Oct. 13, 2006)................................................................................................................1

*Adams v. IBM Corp.*, No. 105-CV-3308-TWT, 2007 WL 14293
(N.D. Ga. Jan. 02, 2007) ...............................................................................................................1

*Blue Tree Hotel Investment (Can.), Ltd. v. Starwood Hotels & Resorts*
*Worldwide, Inc.*, 369 F.3d 212, 217 (2d Cir. 2004).....................................................................7

*Bradford v. Amsterdam*, 424 F.2d 282, 282-83 (2d Cir. 1970)........................................................6

*Brown v. Quiniou*, No. 02 Civ. 4630 (CBM), 2003 WL 1888743, at *2
(S.D.N.Y. Apr. 16, 2003)...........................................................................................................7, 8

*Brown v. Sara Lee Corp.*, No. 98 Civ. 1593 (JSR), 1998 WL 809518, at *4
(S.D.N.Y. Nov. 19, 1998) ..............................................................................................................6

*Casey v. Galli*, 94 U.S. (4 Otto) 673, 680 (1876) ...........................................................................7

*Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) ................................................9

*Computer Associates International v. Altai*, 126 F.3d 365, 369 (2d Cir. 1997) .............................7

*Cowan v. Ernest Codelia, P.C.*, No. 98 Civ. 5548 (JGK), 2001 WL 856606, at *1
(S.D.N.Y. Jul. 30, 2001) ...............................................................................................................6

*Dibbs v. Roldan*, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005).........................................................9

*EDP Medical Computer System, Inc. v. United States*, 480 F.3d 621, 624-25
(2d Cir. 2007).................................................................................................................................6

*Greenberg v. Board of Governors of the Federal Reserve System*,
968 F.2d 164, 168 (2d Cir. 1992)..................................................................................................7

*HCA Health Services of Ga., Inc. v. Employers Health Insurance Co.*,
240 F.3d 982, 994 n.23 (11th Cir. 2001) ......................................................................................3

*Hoblock v. Albany County Board of Elections*, 422 F.3d 77, 90 (2d Cir. 2005) ............................8

*Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 2d 527, 535 (S.D.N.Y. 2003) ..............................9

*Intria Corp. v. Intira Corp.*, No. 00 Civ. 7198 (AGS), 2000 WL 1745043, at*2
(S.D.N.Y. Nov. 27, 2000) ..................................................................................................10

*Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ......................................................6

*L-Tec Elcs. Corp. v. Cougar Electric Organization, Inc.*, 198 F.3d 85, 87-88
(2d Cir. 1999).......................................................................................................................7

*Montana v. United States*, 440 U.S. 147, 155 (1979) ......................................................................8

*Nabisco, Inc. v. Brach's Confections, Inc.*, No. 00 Civ. 5875 (AGS),
2000 WL 1677935, at *1 (S.D.N.Y. Nov. 8, 2000) ...........................................................10

*Northern Assurance Co. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000)................................8, 9

*Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) ...........................................................................7

*Rothman v. Gregor*, 220 F.3d 81, 92 (2d Cir. 2000).......................................................................6

*Snyder v. Yonkers Public School District*, 315 F. Supp. 2d 499, 503
(S.D.N.Y. 2004) ...................................................................................................................9

*Taylor v. MCI, International*, 215 F. Supp. 2d 347, 352 (S.D.N.Y. 2002)......................................9

*Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir. 1994) ................................................6

*Williams v. BellSouth Telecomms., Inc.*, 373 F.3d 1132, 1138 (11th Cir. 2004)............................3

*Witchard v. Montefiore Med. Ctr.*, No. 05 Civ. 5957 (JSR),
2006 WL 2773870, at *5-11 (S.D.N.Y. Sept. 26, 2006) ................................................6, 9

### STATUTES

Employment Retirement Income Security Act of 1974, 29 U.S.C. § 1101 *et seq*...........................1

29 U.S.C. § 502(a)(1)(B) ................................................................................................................3

**SUMMARY**

Plaintiff Richard A. Adams claims that Defendants have denied him the retirement

benefit due him under the IBM Personal Pension Plan ("Plan") and the Employment Retirement

Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1101 *et seq.*  Defendants respectfully

move to dismiss Adams' complaint under Rule 12(b)(6) for failure to state a claim.

The facts relevant to Defendants' motion are not in dispute.  In brief, Adams could have

elected to receive his retirement benefit in June 2003, but he did not elect to receive it until

September 2005.  When Adams elected to receive his benefit in September 2005, the Plan paid

him the amount he would have received had he elected to receive his benefit in June 2003.

Adams claims that the Plan underpaid his benefit by failing to adjust the amount of his benefit to

reflect the passage of time between June 2003 and September 2005.  Adams seeks certification

of a class of similarly situated Plan participants.

On October 13, 2006, the U.S. District Court for the Northern District of Georgia ruled

against Adams on the merits of his claim that the Plan underpaid his benefit by failing to pay

interest reflecting the passage of time between June 2003 and September 2005.  *Adams v. IBM

Corp.*, No. 105-CV-3308-TWT, 2006 WL 2947063 (N.D. Ga. Oct. 13, 2006) (Ex. A), *recon.

denied*, 2007 WL 14293 (Jan. 02, 2007) (Ex. B).[1]  Because the District Court in Georgia rejected

Adams' claim that the Plan underpaid his benefit, and because he could have litigated any other

claims regarding the alleged underpayment in that action, Adams' claims in this action are barred

by *res judicata*.  Accordingly, the Court should either (1) dismiss Adams' complaint for failure

---

[1]   The substantive pleadings in the Georgia action, whether or not referenced in this memoran-
dum, are included in Ex. C hereto.

to state a claim, or (2) transfer the action to the District Court in Georgia to consider the *res judicata* effect of its ruling and otherwise dispose of Adams' claims.

## STATEMENT OF FACTS

**A.      Adams' First Underpayment Action**

1.      The District Court in Georgia summarized the undisputed facts involved in Adams' first action:

> The Plaintiff, Richard A. Adams, was an employee of the Defendant IBM Corporation ("IBM") and a participant in IBM's Personal Pension Plan ("the Plan"). In May of 2003, Adams retired from IBM. Under the Plan, he was entitled to a retirement benefit. IBM calculated the benefit by reference to a Personal Pension Account ("PPA"). Every month, a participant's PPA accumulated "pay credits" at a rate of 5% of the employee's salary and "interest credits" at a rate of one percentage point higher than the rate of return on one year treasury securities. When a participant retired, he could withdraw the account balance as a lump sum, convert the balance into an immediate life annuity, or defer the receipt of a lump sum or a life annuity until a later date. If the participant elected to defer receipt of a lump sum or a life annuity, he continued to accumulate interest credits until his PPA balance was withdrawn or converted into a life annuity. The Plan did not pay interest on a lump sum distribution beyond the participant's normal retirement age of 65.

> The Plan required the participant to immediately elect the distribution of the PPA account balance – or to "commence the benefit" – after the employee's separation from IBM. The parties agree that Mr. Adams did not formally elect one of the Plan's optional forms of payment within a month following his departure from IBM. He had a dispute with IBM about the calculation of his PPA account balance and did not want to accept a lump sum while litigation involving the Plan was pending in another district. Through correspondence, Mr. Adams sought interest that allegedly accumulated between May 2003 and September 2005.

> The Plan Administrator, Kenneth Morrissey, denied the request on the grounds that Mr. Adams failed to make a timely election distribution when he retired on May 31, 2003, and because the Plan did not pay any interest to a terminated participant on a lump sum distribution beyond the participant's normal retirement age of 65. When Adams separated in May 2003, he was 67 years old.

> On December 2, 2005, the Plaintiff filed this action pro se in the Magistrate Court of DeKalb County, Georgia against IBM seeking interest in the amount of $15,000 on his lump sum retirement benefit of $151,000. Mr. Adams is demanding interest payments from the date of his retirement, May 2003, through

2

September 2005, when he ultimately accepted the lump sum retirement benefit.
On December 29, 2005, IBM removed the case to this Court based on preemption
under [ERISA], 29 U.S.C. § 502(a)(1)(B).

(Ex. A, at *1.)

2.      Following removal, IBM and Adams cross-moved for summary judgment.  (Ex.

C-3 (IBM Mot.); Ex. C-4 (Adams Mot.); Ex. C-5 (IBM Opp.).)  On October 13, 2006, the

District Court granted IBM's motion and denied Adams' motion.  The court explained:

> The Eleventh Circuit has adopted a multi-step approach for reviewing
> virtually all ERISA plan benefit denials.  *See* [*Williams v. BellSouth Telecomms.,
> Inc.*, 373 F.3d 1132, 1138 (11th Cir. 2004)]; *HCA Health Servs. of Ga., Inc. v.
> Employers Health Ins. Co.*, 240 F.3d 982 (11th Cir. 2001).  In this instance, the
> Court must first apply a *de novo* standard of review "to determine whether the
> claim administrator's benefits-denial decision is 'wrong' (*i.e.*, the court disagrees
> with the administrator's decision); if it is not, then end the inquiry and affirm the
> decision."  *Williams*, 373 F.3d at 1138.  If the Court determines, however, that the
> administrator's decision was wrong, it determines what level of review is
> appropriate.  *Id.*  "'Wrong' is the label used by [Eleventh Circuit] precedent to
> describe the conclusion a court reaches when, after reviewing the plan documents
> and disputed terms *de novo*, the court disagrees with the claims administrator's
> plan interpretation."  *HCA Health Servs.*, 240 F.3d at 994 n.23.
>
> Here there is no need to determine what level of review is necessary, because
> in this instance, the administrator's decision was not "wrong."  FN1[2]  The
> Plaintiff argues that he is entitled to the interest that should have accrued on his
> retirement benefit from the period between May 31, 2003, the date of his
> retirement, and September 2005, the date on which he made his election to
> receive a lump sum benefit.  The terms of the Plan dictate otherwise.  First, Mr.
> Adams admits that he failed to formally commence the benefit in the month
> following his retirement.  ("[A] Participant shall elect . . .  a Benefit
> Commencement Date [by] the first day of the month next following the later of
> the Participant's termination of employment with IBM . . .") (Def.'s Mot. for
> Summ. J., Ex. C, at 35.)  The Plaintiff argues that his failure to commence the
> benefit entitled him to a larger interest payment.  He relies upon language in
> section 1.6.5 of the Summary of the Plan Description ("SPD"), which states that

---

[2]    [FN 1] It is worth noting that the Plan documents give the Plan Administrator discretion in
determining eligibility for interest on a lump sum benefit.  Indeed, the Plan authorizes the
Administrator to promulgate and enforce such rules and regulations as is necessary or
appropriate, the authority to interpret the Plan, to resolve ambiguities, and to determine the
appropriate retirement income for beneficiaries.  (Def.'s Mot. for Summ. J., at 3.)

the "[t]he portion of your account balance that you defer will remain in the plan and continue to earn interest credits each month until your account balance is distributed in its entirety." (Def.'s Mot. for Summ. J., Ex. C, at 21.)

The Plaintiff's interpretation overlooks the previous paragraph, which explicitly requires a participant to "elect to defer" before one can take advantage of such a deferment. Mr. Adams admits that he made no such election. Thus, Mr. Adams is not entitled to obtain interest payments for the period following the date on which he was required to elect his benefits. Even if Mr. Adams had made his election in a timely fashion, the Plan requires that he begin to receive his payments no later than the first month after his date of departure. (Def.'s Statement of Undisputed Facts in Support of its Mot. for Summ. J., at 11.) In other words, the Administrator was well within the bounds of the Plan's mandates when he denied Mr. Adams' request for interest payments for the period of time following his retirement. In addition, the explicit terms of section 1.6.8.1 of the SPD bar participants from receiving interest credits beyond age 65 if they retire after their 65th birthday.

(Ex. A, at *2-3.) Judgment for IBM was entered on October 16, 2006.[3]

3.    On October 30, 2006, Adams, now assisted by unnamed counsel, moved under Rule 59(e) to vacate, alter, or amend the District Court's decision; for reconsideration of the court's decision; and for leave to file an amended complaint. (Ex. C-6, Adams Recon. Mot.) First, Adams claimed that the court lacked subject-matter jurisdiction over his action because, under Eleventh Circuit precedent, he should have sued the Plan Administrator, not IBM, and that, because he had not sued the right party, his action did not meet the case-or-controversy requirement of Article III. Accordingly, Adams argued, the District Court lacked subject-matter jurisdiction over his action, and its judgment against him was therefore void. (*Id.* at  9.) Adams next claimed that reconsideration was warranted because the court's decision was wrong on the merits. His argument in support of this claim was detailed, extended, and sophisticated. (*Id.* at

---

[3]    In seeking summary judgment, Adams also argued that the alleged underpayment of his retirement benefit constituted unlawful age-discrimination. The District Court declined to consider the issue because Adams had not alleged age-discrimination in his complaint. (Ex. A, at *3.)

9-22.)  Finally, Adams sought leave to amend his complaint to name the proper parties as

defendants and because he now understood his claim "far better with the help of counsel

schooled in ERISA." (*Id.* at 23.)  In his reply to IBM's opposition to his motion, Adams, now

formally represented by counsel, stressed that he sought "no special treatment" based on his

former *pro se* status.  (Ex. C-8, Adams' Reply, at 2.)

       4.      On January 2, 2007, the District Court denied Adams' post-judgment motion.

First, the court rejected Adams' claim that it lacked subject-matter jurisdiction because he had

sued the wrong party (a point that IBM neither conceded nor disputed).  In the court's view,

Adams' subject-matter jurisdiction claim failed because it rested on an overly "expansive"

reading of the case-or-controversy requirement, was unsupported by case law, and was

inconsistent with the federal rules.  (Ex. B, at *2.)  Next, the court denied Adams'

reconsideration motion.  The court stated:  "The motion for reconsideration raises completely

new arguments that were never made before the Court ruled on the mutual motions for summary

judgment.  In essence, the Plaintiff seeks a second bite at the apple. This is not an appropriate

case for granting a motion for reconsideration." (*Id.*)  Finally, the court denied as untimely

Adams' motion for leave to file an amended complaint.  (*Id.* at *3.)

       5.      Adams did not appeal the District Court's decision on the cross-motions for

summary judgment or the District Court's denial of his post-judgment motion.

**B.    Adams' Second Underpayment Action**

       6.      On August 3, 2007, Adams filed the instant action in this Court.  (Doc. 1.)  As in

his original action, Adams claims that the Plan unlawfully denied him interest that he claims was

due on the lump sum retirement payment that he received in September 2005.  (Compl. ¶¶ 3, 5,

71-72 (Count 2), 6, 73-75 (Count 3).)  In addition, Adams claims that the Plan unlawfully failed

to actuarially increase his lump sum benefit to reflect the period between June 2003 and

September 2005.  (Comp. ¶¶ 4, 69-70 (Count 1).)  Finally, Adams claims that the Plan is

responsible for his delay in electing to receive his retirement benefits until September 2005

because, Adams alleges, the Plan unlawfully delayed providing him with information to which

he was entitled before making his election.  (*Id.* ¶¶ 7, 76-79 (Count 4), ¶¶ 80-81 (Count 5).)

Adams seeks judgment against Defendants and other relief, including certification of this case as

a class action.  (*Id.* at 27.)

### ARGUMENT

### I.    ADAMS' CLAIMS ARE BARRED BY RES JUDICATA.

"*Res judicata* is a rule of fundamental repose important for both the litigants and for

society.  It relieves parties of the cost and vexation of multiple lawsuits, conserves judicial

resources, and, by preventing inconsistent decisions, encourages reliance on adjudication."  *EDP*

*Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624-25 (2d Cir. 2007) (citations,

internal quotations, and brackets omitted).

"*Res judicata* challenges may properly be raised via a motion to dismiss for failure to

state a claim under Rule 12(b)(6)."  *Thompson v. County of Franklin*, 15 F.3d 245, 253 (2d Cir.

1994).[4]  In deciding a *res judicata* challenge on a Rule 12(b)(6) motion, a court may take judicial

notice of the record in the prior action, *see Bradford v. Amsterdam*, 424 F.2d 282, 282-83 (2d

Cir. 1970) (per curiam), including pleadings attached to a motion to dismiss, *Rothman v. Gregor*,

220 F.3d 81, 92 (2d Cir. 2000).[5]

---

[4]    *See*, *e.g.*, *Witchard v. Montefiore Med. Ctr.*, No. 05 Civ. 5957 (JSR), 2006 WL 2773870, at
\*5-11 (S.D.N.Y. Sept. 26, 2006); *Brown v. Sara Lee Corp.*, No. 98 Civ. 1593 (JSR), 1998 WL
809518, at \*4 (S.D.N.Y. Nov. 19, 1998).

[5]    *See also Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) ("courts routinely
take judicial notice of documents filed in other courts, . . . not for the truth of the matters asserted
in the other litigation, but rather to establish the fact of such litigation and related filings");

(continued…)

This Court has summarized the doctrine of *res judicata* in this Circuit:

> The Second Circuit has held that *res judicata*, or "claim preclusion," "prevents a plaintiff from relitigating claims that were or could have been raised in a prior action against the same defendant where that action has reached a final judgment on the merits." *L-Tec Elcs. Corp. v. Cougar Elec. Org., Inc.*, 198 F.3d 85, 87-88 (2d Cir. 1999); *see also Greenberg v. Bd. of Governors of the Fed. Reserve Sys.*, 968 F.2d 164, 168 (2d Cir. 1992) (*res judicata* bars both "issues actually decided in determining the claim in the first action and . . . issues that could have been raised in the adjudication of that claim") (citation omitted).
>
> The party invoking *res judicata* bears the burden of proving that the doctrine bars the second action. *See Computer Assocs. Int'l v. Altai*, 126 F.3d 365, 369 (2d Cir. 1997). A defendant attempting to assert claim preclusion must show that: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the same defendants or those in privity with them; and (3) the claims asserted in the subsequent action actually were, or could have been raised in the prior action. *See Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001) [(citation omitted)].

*Brown v. Quiniou*, No. 02 Civ. 4630 (CBM), 2003 WL 1888743, at *2 (S.D.N.Y. Apr. 16, 2003).

Under this test, Adams' claims in this action are barred by *res judicata*. Certainly, if Adams had prevailed in the earlier action, he would argue that the *res judicata* binds Defendants; just as certainly, had Adams prevailed in the earlier action, he would have argued that IBM was estopped from claiming that he had sued the wrong party.[6]

First, the previous action involved an adjudication on the merits of Adams' claim that the Plan underpaid his retirement benefit by failing to take account of the period between June 2003

---

*Cowan v. Ernest Codelia, P.C.*, No. 98 Civ. 5548(JGK), 2001 WL 856606, at *1 (S.D.N.Y. Jul. 30, 2001) ("[I]t is proper to consider public documents on a motion to dismiss to determine whether claims are barred by prior litigation."); *cf. Blue Tree Hotel Inv. (Can.), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.,* 369 F.3d 212, 217 (2d Cir. 2004) (courts "may . . . look to public records, including complaints filed in state court, in deciding a motion to dismiss").

[6]   *See generally Casey v. Galli*, 94 U.S. (4 Otto) 673, 680 (1876) ("Parties must take the consequences of the position they assume. They are estopped to deny the reality of the state of things which they have made appear to exist, and upon which others have been led to rely. Sound ethics require that the apparent, in its effects and consequences, should be as if it were real, and the law properly so regards it.").

and September 2005, when he elected to receive his benefit. The court granted summary

judgment for IBM and denied summary judgment for Adams on the merits of his claim. Adams

did not appeal the court's decision.

Second, the previous action involved the same parties that were involved in the earlier

action or those in privity with them. Adams was the plaintiff in the previous action; IBM, the

defendant in the previous action, is a privy of Defendants in this action because IBM was a

"virtual representative" of Defendants and because IBM controls this action as it did the previous

action. *See Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 90 (2d Cir. 2005); *see also*

*Montana v. United States*, 440 U.S. 147, 155 (1979).

Third, the claims asserted in this action actually were, or could have been, raised in the

prior action. As this Court observed in *Brown*:

> The doctrine of claim preclusion holds that "a prior decision dismissed 'on the merits' is binding in all subsequent litigation between the same parties on claims arising out of the same facts, even if based upon different legal theories or seeking different relief on issues which were or might have been litigated in the prior action but were not." *N. Assurance Co. v. Square D Co.*, 201 F.3d 84, 87 (2d Cir. 2000) (citation omitted). Claim preclusion operates in two ways: it bars claims that were brought and decided in the prior litigation, and it bars all other claims relating to the same transaction against the same defendant that could have been brought at the same time. *Id.*

*Brown*, 2003 WL 1888743, at *2.

All of Adams' claims in this action "aris[e] out of the same facts" and "were or might

have been litigated in the prior action but were not." *N. Assurance Co.*, 201 F.3d at 87 (internal

quotations omitted). As in the previous action, Adams' claims here arise out of Defendants'

alleged underpayment of his retirement benefit and rest on the same premise – that the payment

should have taken into account the period between June 2003 and September 2005. In the

previous action, Adams litigated, as he seeks to litigate here, claims that he was entitled to

accumulate interest credits in his Personal Pension Account, or otherwise earn interest on his

8

account balance, during that period. (Compare Compl. ¶¶ 3, 5, 71-72 (Count 2); *id.* ¶¶ 6, 73-75

(Count 3), with Ex. C-4, Adams Mot. 1-2 (interest credits); *id.* at 4 (otherwise earn interest.)

Adams' other claims here (failure to actuarially increase his lump sum benefit (Comp. ¶¶ 4, 69-

70 (Count 1) and delaying in providing him with information to which he was entitled before

making his election (*id.* ¶¶ 7, 76-79 (Count 4); *id.* ¶¶ 80-81 (Count 5)), likewise arise from the

fact that Defendants' calculation of his retirement benefit did not take the relevant period into

account. These claims "might have been litigated in the prior action but were not." *N.*

*Assurance Co.*, 201 F.3d at 87 (internal quotations omitted).

Because the three conditions of *res judicata* are met, Adams' claims are barred. The fact

that Adams proceeded *pro se* in the pre-judgment phase of the previous action does not alter that

conclusion.[7] Moreover, as noted, Adams, represented by counsel, stressed that he sought "no

special treatment" based on his former *pro se* status. (Ex. C-8, Adams' Reply, at 2.)

## II.    THIS ACTION MAY BE TRANSFERRED TO THE COURT THAT DECIDED THE PREVIOUS ACTION.

Section 1404(a) of Title 28 provides: "For the convenience of parties and witnesses, in

the interest of justice, a district court may transfer any civil action to any other district or division

where it might have been brought." Having already adjudicated Adams claims, the District

Court in Georgia is well-suited to decide the *res judicata* effect of its decision in this action and

otherwise dispose of Adams' claims. This Court, in its sound discretion, may transfer this action

to that court for further proceedings in lieu of ruling on Defendants' motion to dismiss.

---

[7] *See Cieszkowska v. Gray Line N.Y.*, 295 F.3d 204, 205 (2d Cir. 2002) (per curiam) (*res judicata* applicable where *pro se* plaintiff could have asserted discrimination in first complaint). *See also, e.g.*, *Witchard*, *supra*; *Dibbs v. Roldan*, 356 F. Supp. 2d 340, 348 (S.D.N.Y. 2005); *Snyder v. Yonkers Pub. Sch. Dist.*, 315 F. Supp. 2d 499, 503 (S.D.N.Y. 2004); *Hoffenberg v. Hoffman & Pollok*, 288 F. Supp. 2d 527, 535 (S.D.N.Y. 2003); *Taylor v. MCI, Int'l*, 215 F. Supp. 2d 347, 352 (S.D.N.Y. 2002) (ERISA claims).

This Court has summarized the considerations that apply on a motion to transfer:

> The primary inquiry . . . is whether the proposed transfer will promote
> convenience and fairness.  *See* [*Nabisco, Inc. v. Brach's Confections, Inc.*, No. 00
> Civ. 5875 (AGS), 2000 WL 1677935, at *1 (S.D.N.Y. Nov. 8, 2000)]  Courts in
> this Circuit consider several factors in assessing the balance of convenience and
> fairness: (1) the convenience of the witnesses; (2) the location of relevant
> documents and the relative ease of access to sources of proof; (3) the convenience
> of the parties; (4) the locus of the operative facts; (5) the availability of process to
> compel attendance of unwilling witnesses; (6) the relative means of the parties;
> (7) a forum's familiarity with the governing law; (8) the weight accorded a
> plaintiff's choice of forum; and (9) trial efficiency and the interests of justice
> based on the totality of the circumstances.

*Intria Corp. v. Intira Corp*., No. 00 Civ. 7198 (AGS), 2000 WL 1745043, at *2 (S.D.N.Y.

Nov. 27, 2000).  Based on these factors, transfer of this action to the District Court in Georgia

would be appropriate.

Adams, a resident of Georgia, chose to litigate his first action in the District Court in

Georgia in his first action, and Defendants are prepared to litigate Adams' new action in that

forum.  These facts preclude Adams from arguing that litigating his new action in this Court

would be more convenient for him (Factor 3), that the relative means of the parties militate in

favor of litigating his new action in this Court (Factor 6), or that his choice of forum in his new

action is entitled to any weight (Factor 8).

In addition, because it adjudicated Adams' first action, the District Court in Georgia is

already familiar with the governing law (Factor 7), and litigating Adams' new action in that court

would be more efficient than litigating the action in this Court (Factor 9).  Defendants are

prepared to make any proper witnesses, relevant documents, and proof available in the District

Court in Georgia (Factors 1, 2, and 5).  Because Defendants are prepared to litigate the action in

Georgia, the Court need not decide the locus of operative facts (Factor 4).[8]  In short, "the totality

of the circumstances" (Factor 9) favor transfer.  Nor does the Plan's class-action forum selection

clause, § 7.3 (Ex. D) apply where, as here, *res judicata* does not permit Adams to bring this

action at all (*see id.* § 7.3(a)), and Adams' first action is concluded and could not be "amended or

altered to include class action allegations" (*see id.* § 7.3(b)).

**CONCLUSION**

For the foregoing reasons, the motion should be granted, and the Court should dismiss

this case or transfer it to the Northern District of Georgia.

Dated:  New York, New York
        September  6, 2007

Respectfully submitted,

COVINGTON & BURLING LLP

By:     s/ David Z. Pinsky_____
        David Z. Pinsky

        620 Eighth Avenue
        New York, New York 10018
        Tel: (212) 841-1000

        Jeffrey G. Huvelle (*pro hac* pending)
        David H. Remes  (*pro hac* pending)
        1201 Pennsylvania Avenue, NW
        Washington, D.C.  20004-2401
        Tel: (202) 662-6000

        *Attorneys for Defendants*

---

[8]    Adams resides in Georgia; the Plan Administrator resides in North Carolina; and the Plan by
its terms is currently administered principally in New York.

11