IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No. 5:06-CV-356-FL

| | |
|---|---|
| KATHY POWERS, | ) |
|                 Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERNATIONAL BUSINESS | ) |
| MACHINES CORPORATION, | ) |
| | ) |
|                 Defendant. | ) |
| | ) |

# ANSWER

Defendant International Business Machines Corporation ["IBM"] hereby submits this Answer to the Complaint in this action.

## RESPONSE TO ALLEGATIONS

IBM responds to the specifically numbered paragraphs of the Complaint as follows:

**Jurisdiction and Venue**

1. It is admitted that plaintiff asserts that she is entitled to certain benefits and seeks declaratory and injunctive relief relating to such benefits under the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. ["ERISA"], including specifically 29 U.S.C. § 1132(a)(1)(B), § 1132(a)(3) and § 1109. Except as so admitted, the allegations in paragraph 1 of the Complaint are denied.

2. Admitted.

3. Admitted.

**Facts**

4. Admitted, upon information and belief.

5. Admitted.

6. It is admitted: (i) that IBM does business internationally, and (ii) that publicly available financial records on IBM's website for calendar year 2005 reflect revenues of approximately 91 billion dollars and income from continuing operations after taxes of almost 8 billion dollars. Except as so admitted, the allegations in paragraph 6 of the Complaint are denied.

7. It is admitted that IBM's principal office is located in Armonk, New York. Except as so admitted, the allegations in paragraph 7 of the Complaint are denied.

8. Admitted.

9. Admitted.

10. Admitted.

11. It is admitted: (i) that plaintiff has named IBM as the defendant in this action; (ii) that IBM is the sponsor of the IBM Personal Pension Plan ["IBM Plan"]; (ii) that the plan document for the IBM Plan [the "IBM Plan Document"] provides that the plan administrator of the IBM Plan is the individual IBM employee appointed as plan administrator by the IBM Vice President responsible for Finance and the IBM Vice President responsible for Human Resources; and (iii) that at all relevant times the individual IBM employee so designated as plan administrator was Kenneth J. Morrissey. Except as so admitted, the allegations in paragraph 11 of the Complaint are denied.

12. Admitted.

13. Admitted.

{502756.KGL.00591.L36116 }   2

14. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any, imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 14 of the Complaint are denied.

15. Admitted.

16. Admitted.

17. It is admitted: (i) that on or about April 22, 1986, IBM sold to NYNEX Business Information Systems Company ["NYNEX"] 81 product centers, including the product center at which Ms. Powers worked [the "NYNEX Transaction"]; (ii) that Ms. Powers and other product center employees were offered employment with NYNEX in connection with the NYNEX Transaction; and (iii) that Ms. Powers accepted employment with NYNEX effective on or about June 30, 1986. Except as so admitted, the allegations in paragraph 17 of the Complaint are denied.

18. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and they are therefore denied.

19. It is admitted: (i) that Ms. Powers returned to employment with IBM on or about May 4, 1987 as a "supplemental" employee under IBM's classification system; and (ii) that Ms. Powers was assigned the employee serial number 530259. Except as so admitted, the allegations in paragraph 19 of the Complaint are denied.

20. It is admitted that on or about September 1, 1987, Ms. Powers was re-classified as a regular, full-time employee of IBM. Except as so admitted, the allegations in paragraph 20 of the Complaint are denied.

21. It is admitted: (i) that the Asset Purchase Agreement between IBM and NYNEX governing the NYNEX transaction prohibited IBM from rehiring former IBM employees who went to work for NYNEX in connection with the NYNEX Transaction without prior written approval of NYNEX for a period of 18 months following the closing date of the NYNEX Transaction; and (ii) that Ms. Powers returned to IBM as a supplemental employee on or about May 4, 1987 and was re-classified as a regular full-time employee on September 1, 1987. Except as so admitted, the allegations in paragraph 21 of the Complaint are denied.

22. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint and they are therefore denied.

23. It is admitted that at all relevant times George Singleton was an employee of IBM. Except as so admitted, the allegations in paragraph 23 of the Complaint are denied.

24. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint, and they are therefore denied.

25. It is admitted: (i) that 098521 was Ms. Powers' employee serial number during her prior service with IBM between April 1, 1974 and June 30, 1986; (ii) that when Ms. Powers was re-classified as a regular, full-time employee, she was inadvertently re-assigned the employee serial number 098521; and (iii) this mistake caused IBM's employment records to inaccurately reflect the amount of service credited to Ms. Powers for purposes of calculating retirement eligibility and benefit accrual under the IBM Plan. Except as so admitted, the allegations in paragraph 25 of the Complaint are denied.

26. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, and they are therefore denied.

27. It is admitted that until on or about August 22, 2005, IBM's employment records relating to Ms. Powers reflected the incorrect service reference date of February 3, 1975. Except as so admitted, the allegations in paragraph 27 of the Complaint are denied.

28. It is admitted: (i) that until on or about August 22, 2005, IBM's employment records relating to Ms. Powers reflected the incorrect service reference date of February 3, 1975; (ii) that under the terms of the IBM Plan, participants may receive early retirement benefits without any reduction in retirement income once they complete thirty (30) years of eligibility service; and (iii) that until on or about August 22, 2005, IBM's employment records relating to Ms. Powers reflected that Ms. Powers would complete thirty (30) years of eligibility service on or about February 3, 2005 based on the incorrect service reference date of February 3, 1975. Except as so admitted, the allegations in paragraph 28 of the Complaint are denied.

29. Ms. Powers' 1989 Personal Benefits Statement is in writing and speaks for itself. The allegations in paragraph 29 of the Complaint are denied to the extent they are inconsistent with that writing.

30. Ms. Powers' 1990 Personal Benefits Statement is in writing and speaks for itself. The allegations in paragraph 30 of the Complaint are denied to the extent they are inconsistent with that writing.

31. Ms. Powers' 1991 Personal Benefits Statement is in writing and speaks for itself. The allegations in paragraph 31 of the Complaint are denied to the extent they are inconsistent with that writing.

32. Ms. Powers' 1992 Personal Benefits Statement is in writing and speaks for itself. The allegations in paragraph 32 of the Complaint are denied to the extent they are inconsistent with that writing.

33. Ms. Powers' 1993 Personal Benefits Statement is in writing and speaks for itself. The allegations in paragraph 33 of the Complaint are denied to the extent they are inconsistent with that writing.

34. It is admitted: (i) that IBM began making benefits summary information available to participants online in or about 1993; and (ii) that at any time before August 22, 2005, the available online information would have reflected pension benefit information for Ms. Powers based on the incorrect service reference date of February 3, 1975. IBM lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34 of the Complaint and they are therefore denied.

35. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint and they are therefore denied.

36. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint and they are therefore denied.

37. It is admitted: (i) that based on the incorrect service reference date in IBM's records regarding Ms. Powers, she was recognized as a member of IBM's Quarter Century Club, denoting twenty-five (25) years of service, on or about February 3, 2000; and (ii) that measuring from the incorrect service reference date of February 3, 1975, Ms. Powers would have completed thirty (30) years of continuous service on or about February 3, 2005. Except as so admitted, the allegations in paragraph 37 of the complaint are denied.

38. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38 of the Complaint, and they are therefore denied.

39. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39 of the Complaint, and they are therefore denied.

40. Admitted.

41. It is admitted: (i) that as a condition of the NYNEX Transaction, NYNEX was required to allow former IBM employees who went to work for NYNEX after the NYNEX Transaction ["Transferring Employees"] to immediately participate in NYNEX's pension plan effective July 1, 1986; (ii) that as a condition of the NYNEX Transaction, NYNEX was required to give the Transferring Employees credit under the NYNEX pension plan for all IBM service prior to the NYNEX Transaction for purposes of determining eligibility, vesting and benefit accrual under the NYNEX Plan; (iii) that IBM transferred funds from the IBM Plan trust fund to the NYNEX pension plan trust fund to cover the costs of the pension benefits for the Transferring Employees under the NYNEX pension plan attributable to their prior IBM service; and (iv) that Ms. Powers was informed that she was entitled to a retirement benefit from NYNEX for her prior IBM service. Except as so admitted, the allegations in paragraph 41 of the Complaint are denied.

42. It is admitted that on or about August 22, 2005, IBM's records were corrected to reflect Ms. Powers' actual service reference date of May 4, 1987 in accordance with the terms of the IBM Plan. Except as so admitted, the allegations in paragraph 42 of the Complaint are denied.

43. Admitted, upon information and belief.

44. It is admitted that Carol Goldfarb of the IBM Employee Service Center sent a letter dated September 23, 2005 to Ms. Powers regarding her service dates and plan benefits. The letter is in writing and speaks for itself; the allegations in paragraph 44 of the Complaint are denied to the extent they are inconsistent with that writing.

45. It is admitted that on or about October 28, 2005, Ms. Powers appealed IBM's decision declining her request that IBM depart from the terms of the IBM Plan and grant her credit for prior IBM service for purposes of calculating retirement eligibility and benefit accrual under the IBM Plan. Except as so admitted, the allegations in paragraph 45 of the Complaint are denied.

46. Admitted.

47. It is admitted that as of the date of this Answer, Ms. Powers' IBM service, calculated based on a service reference date of May 4, 1987 in accordance with the terms of the IBM Plan Document, is less than the thirty (30) years of eligibility service required by the Plan terms to receive early retirement benefits without any reduction in retirement income. Except as so admitted, the allegations in paragraph 47 of the Complaint are denied.

48. It is admitted that Ms. Powers was sent a revised retirement estimate reflecting her correct service reference date. The revised retirement estimate is in writing and speaks for itself. The allegations in paragraph 48 are denied to the extent they are inconsistent with that writing.

49. It is admitted that Ms. Powers was sent a revised retirement estimate reflecting her correct service reference date. The revised retirement estimate is in writing and speaks for itself. The allegations in paragraph 49 are denied to the extent they are inconsistent with that writing.

50. It is admitted that as of the date of this Answer, Ms. Powers' IBM service, calculated based on a service reference date of May 4, 1987 in accordance with the terms of the IBM Plan Document, is less than the thirty (30) years of eligibility service required by the Plan terms to receive early retirement benefits without any reduction in retirement income. Except as so admitted, the allegations in paragraph 50 of the Complaint are denied.

51. It is admitted: (i) that participants may receive early retirement benefits under the IBM Plan without any reduction in retirement income after completion of 30 years of eligibility service or attainment of age 55; (ii) that Ms. Powers has not attained the age of 55; and (iii) that based on Ms. Powers' correct service reference date of May 4, 1987, Ms. Powers will complete thirty (30) years of eligibility service on or about May 4, 2017. Except as so admitted, the allegations in paragraph 51 of the Complaint are denied.

52. It is admitted that Ms. Powers is an at-will employee of IBM. Except as so admitted, the allegations in paragraph 52 of the Complaint are denied.

53. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Complaint, and they are therefore denied.

54. IBM lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint, and they are therefore denied.

55. Denied.

**FIRST CLAIM FOR RELIEF: Clarification and Enforcement of Rights Pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B)**

56. IBM incorporates by reference its responses to paragraphs 1 through 55 above as its response to paragraph 56 of the Complaint.

57. Admitted.

58. Admitted.

59. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any, imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 59 of the Complaint are denied.

60. Denied.

61. Denied.

62. Denied.

63. Admitted.

64. Denied.

**SECOND CLAIM FOR RELIEF: Breach of Contract**

65. IBM incorporates by reference its responses to paragraphs 1 through 16 above as its response to paragraph 65 of the Complaint.

66. Admitted.

67. Admitted.

68. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any,

imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 68 of the Complaint are denied.

69. Denied.

70. Denied.

71. Denied.

72. Admitted.

73. Denied.

**THIRD CLAIM FOR RELIEF: Other Appropriate Equitable Relief Pursuant to ERISA, 29 U.S.C. § 1132(a)(3)**

74. IBM incorporates by reference the allegations of paragraphs 1 through 73 above as its response to paragraph 74 of the Complaint.

75. Admitted.

76. Admitted.

77. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any, imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 77 of the Complaint are denied.

78. Denied.

79. Denied.

80. Denied.

81. Denied.

**FOURTH CLAIM FOR RELIEF: Breach of Fiduciary Duty**

82. IBM incorporates by reference its responses to paragraphs 1 through 81 above as its response to paragraph 82 of the Complaint.

83. Admitted.

84. Admitted.

85. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any, imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 85 of the Complaint are denied.

86. It is admitted: (i) that IBM is the sponsor of the IBM Plan; (ii) that IBM is not specifically identified in the IBM Plan Document as a Named Fiduciary of the IBM Plan; (iii) that certain IBM officers have the authority under the IBM Plan to appoint an individual IBM employee as Plan Administrator of the IBM Plan; (iv) that at all relevant times the appointed Plan Administrator was Kenneth J. Morrissey; and (v) that IBM has such fiduciary duties, if any, imposed by ERISA on employers under the circumstances described above and any other relevant circumstances. Except as so admitted, the allegations in paragraph 86 of the Complaint are denied.

{502756.KGL.00591.L36116 }                    12

87. Denied (including all subparts).

88. Denied.

89. Denied.

### IBM'S FIRST ADDITIONAL DEFENSE

The IBM Personal Pension Plan is an entity separate and distinct from IBM. IBM does not have the capacity or authority to either pay benefits to Ms. Powers under the IBM Personal Pension Plan or to direct or require the IBM Personal Pension Plan to pay such benefits to Ms. Powers. Ms. Powers' claim against IBM seeking clarification and enforcement of rights under 29 U.S.C. § 1132(a)(1)(B) should therefore be dismissed.

### IBM'S SECOND ADDITIONAL DEFENSE

Ms. Powers' claims against IBM are barred to the extent, if any, that they are inconsistent with public policy and/or the requirements of ERISA, as interpreted by courts of competent jurisdiction.

### IBM'S THIRD ADDITIONAL DEFENSE

The IBM Plan at issue in this lawsuit is an employee benefit plan within the meaning of ERISA. To the extent, if any, that Ms. Powers' claims, including, but not limited to, her claim for Breach of Contract, are based on state common law, such claims are completely pre-empted by ERISA because they concern the existence or extent of benefits under an ERISA employee benefit plan, and thus relate to or have a connection with or reference to such a plan.

WHEREFORE, IBM respectfully requests the following relief:

1. Judgment providing that Ms. Powers have and recover nothing from IBM;

2. That the costs of this action, including reasonable attorneys fees to the extent allowed by applicable law, be taxed against Ms. Powers; and

3.  For such other and further relief as the Court deems appropriate.

This the __2nd__ day of October, 2006.

/s/ Kristen G. Lingo
Michael T. Medford, NCSB # 7227
Kristen G. Lingo, NCSB # 19938
MANNING, FULTON & SKINNER, P.A.
Attorneys for Defendant
3605 Glenwood Avenue, Suite 500
Post Office Box 20389
Raleigh, North Carolina 27619-0389
Telephone: (919) 787-8880
Facsimile: (919) 787-8902

**CERTIFICATE OF SERVICE**

This is to certify that a copy of the foregoing *Answer* was duly served this date on counsel for plaintiff by electronic means addressed as follows:

Stewart W. Fisher
GLENN, MILLS & FISHER, P.A.
400 West Main Street, Suite 709
Durham, North Carolina 27702
sfisher@gmf-law.com

This the __2nd__ day of October, 2006.

/s/ Kristen G. Lingo
Michael T. Medford, NCSB No. 7227
Kristen G. Lingo, NCSB No. 19938
Of MANNING, FULTON & SKINNER, P.A.
Attorneys for Defendant
3605 Glenwood Avenue – Suite 500
Post Office Box 20389
Raleigh, North Carolina   27619-0389
Telephone:    (919) 787-8880
Telefax:    (919) 787-8902