UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD A. ADAMS,        )
                              )
         Plaintiff,      )
                              )
         v.          )      CIVIL ACTION FILE NO.
                              )      1:05-CV-3308-TWT
IBM CORP.              )
                              )
         Defendant.    )

MEMORANDUM IN SUPPORT OF
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

## I.   INTRODUCTION

On December 2, 2005, Plaintiff Richard Adams ("Adams") filed this action *pro se* in the Magistrate Court of DeKalb County, Georgia against Defendant IBM Corporation ("IBM") seeking interest of $15,000 on a lump sum pension benefit he received from IBM's Personal Pension Plan ("The Plan").

On December 29, 2005, IBM removed the case to this court based on preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C.S. § 502(a)(1)(B). After answering and obtaining salient documents, IBM deposed Adams on June 1, 2006. Discovery ended on June 6, 2006. Based on Adams' testimony, relevant plan documents and correspondence and the

Affidavit of the IBM Plan Administrator, Kenneth J. Morrissey, and the facts set forth in IBM's Statement of Undisputed Facts, IBM submits that summary judgment for IBM is appropriate on Adams' claim.

Summary judgment is appropriate because the Plan Administrator's denial of Adams' interest claim was neither arbitrary nor capricious.  Specifically, the Plan Administrator declined interest for two reasons.  First, Adams failed to timely elect and commence his lump sum Personal Pension Benefit after his retirement from IBM as required by the Plan.  Second, the Plan does not allow for interest beyond age 65.  Adams was 67 years old when he retired from IBM on May 31, 2003.  Adams fails to introduce any evidence that suggests the decision had no reasonable factual basis.  Moreover, he does not dispute any of the material facts.  Accordingly, his claim should be dismissed.

## II.   ARGUMENT

A.  The arbitrary and capricious standard applies to the review of the denial of interest.

Adams alleges an improper denial of benefits under a retirement plan in violation ERISA, 29 U.S.C.S. § 502 (a)(1)(B).  In reviewing a denial of benefits claim under ERISA this Circuit first looks to the plan documents to determine if the claim's administrator has the discretion to interpret the terms in dispute.  HCA Health Services of Ga., Inc., 240 F.3d 982, 992-93 (11th Cir. 2001).  See also,

<u>Slomcenski v. Citibank</u>, N.A., 432 F.3d 1271, 1279-1280 (11th Cir. 2005) and

<u>Williams v. Bellsouth Telecommunications., Inc.</u>, 373 F.3d 1132, 1137 (11th Cir.

2004).  If the court finds the plan documents give the administrator discretion,

the court applies the arbitrary and capricious review.  <u>HCA</u>, 240 F.3d at 993).

Finally, an administrator's determination must be upheld if the decision has a

reasonable factual basis.  <u>Slomcenski</u>, 432 F3d at 1280.

The IBM Personal Pension Plan documents clearly give the Plan

Administrator discretion in determining eligibility for interest on a lump sum

benefit:

> The powers of the Plan Administrator shall include, without limitation, the full authority and discretion: (a) to promulgate and enforce such rules and regulations as it shall deem necessary or appropriate for the administration of the Plan, (b) to incorporate changes required by law, (c) to interpret the Plan (including the review of claims pursuant to Article 7), consistent with the terms and intent thereof, and resolve any possible ambiguities, inconsistencies and omission, (d) to determine the appropriate retirement income and Survivor Benefits in accordance with the provisions of the Plan, and (e) to determine whether one form of income under the Plan is the Actuarial Equivalent of another form of income under the plan.  All such determinations and interpretations shall be conclusive, provided it is in accordance with the requirements of ERISA and the Code.  (IBM Personal Pension Plan, Jan. 1, 1995, at 23.)

Accordingly, the arbitrary and capricious standard of review applies to

this court's review of the Plan Administrator's denial of interest on Adams' lump

sum benefit.

B.  Adams cannot show that the denial of interest on the lump sum distribution was arbitrary or capricious.

Adams' only claim in this case is for interest on his lump sum personal pension benefit from his separation in May, 2003 until his election in September, 2005.   The Plan Administrator denied such interest for two reasons.   First, Adams failed to timely elect his distribution when he retired in May, 2003. Second, the Plan does not allow for interest on a lump sum benefit after the participant reaches age 65.

Adams admits that when he retired he received a written estimate of his benefit options and instructions on how to elect through the Employee Services Center ("ESC").   He also admits that despite repeated requests from IBM he made a conscious decision not to elect his distribution when he retired.   He chose to wait because he wanted to contest the PPA balance and he did not want to jeopardize his share of any settlement in the Cooper case.

Adams concedes the Plan requires him to elect and commence his benefit the first day of the month next following his separation.   Plan Section 12(a).   He testified he deliberately made no such election until years later.

Adams cannot dispute that the Plan does not pay interest on a lump sum benefit beyond the Plan's normal retirement age of 65.   Summary Plan

4

Description Section 1.6.8.1.  Accordingly, when he retired at age 67 he was not entitled to any additional interest regardless of when he elected benefits.  Finally, he does not dispute that under the Plan the administrator can delay the distribution of benefits until a proper application has been made to the ESC.

Clearly based on this record Adams has conceded that the plan administrator's denial of interest was reasonable.  <u>See</u> <u>Slomcenski</u>, *supra* (affirming summary judgment for the defendant on a denial of benefits claims under ERISA where Plan administrator decision was not unreasonable).  <u>See also</u> <u>Buckley v. Metropolitan Life</u>, 115 F.3d 936, (Per Curiam 11th Cir 1997) (affirming summary judgment for defendant where the plan administrator's denial of benefits had a reasonable basis).

Here, there is no ambiguity in the Plan about eligibility for interest on a lump sum benefit or when a participant must elect such a benefit.  The Plan Administrator's decision was not only reasonable but compelled by the clear language of the Plan documents.

Finally, the documents cited by Adams to support his claim either have no bearing on the interest issue or support the decision to deny interest.  Neither the Memorandum in the <u>Cooper</u> decision nor the Notice under the IBM Retirement Savings Plan address the issue of the election of benefits requirements under the

Plan.  Likewise, they do not address interest on a lump sum benefit under the Plan after age 65.

The April 18, 2005  Projection Statement Letter and Section 1.6.5 of the SPD both support the administrator's decision as they require a timely election of benefits and receipt of lump sum benefits by age 65.  Accordingly, Adams has failed to come forward with any evidence suggesting the denial of interest was arbitrary or capricious and his claim should be dismissed.

## III.   CONCLUSION

For all of the above and foregoing reasons, Defendant IBM Corp. hereby requests this court to grant summary judgment in its entirety on behalf of Defendant IBM Corp.

Respectfully submitted this 17th day of July, 2006.


s/Stephen X. Munger, Esq.
Georgia Bar No. 529611
Owen T. Hill
Georgia Bar No. 354393
Attorneys for Defendant
JACKSON LEWIS, LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia  30303-1226
Telephone:  (404) 525-8200
Facsimile:  (404) 525-1173
mungers@jacksonlewis.com

## CERTIFICATION

I hereby certify that this document has been prepared in Book Antiqua font, 13 point, in compliance with LR 5.1C of this Court.

s/Stephen X. Munger, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD A. ADAMS,           )
                            )
            Plaintiff,      )
                            )
            v.              )        CIVIL ACTION FILE NO.
                            )        1:05-CV-3308-TWT
IBM CORP.                   )
                            )
            Defendant.      )

CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006 I electronically filed the Memorandum in Support of Defendant's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system. I also hereby certify that I have mailed the foregoing document via United States Postal Service Certified Mail Return Receipt Requested to the following non-CM/ECF *pro se* plaintiff.

Richard A. Adams
2401 Winshire Drive
Decatur, GA  30035


s/Stephen X. Munger
Georgia Bar No. 529611
Attorneys for Defendant
JACKSON LEWIS, LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia  30303-1226
Telephone:  (404) 525-8200
Facsimile:  (404) 525-1173
mungers@jacksonlewis.com

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:05-CV-3308-TWT |
| IBM CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT'S STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

## I.   INTRODUCTION

On December 2, 2005, Plaintiff Richard Adams ("Adams") filed this action *pro se* in the Magistrate Court of DeKalb County, Georgia against Defendant IBM Corporation ("IBM") seeking interest of $15,000 on a lump sum pension benefit he received from IBM's Personal Pension Plan ("The Plan").

On December 29, 2005, IBM removed the case to this court based on ERISA preemption. After answering and obtaining salient documents, IBM deposed Adams on June 1, 2006. Discovery ended on June 6, 2006.

Based on Adams' testimony, relevant plan documents and correspondence and the Affidavit of the IBM Plan Administrator, Kenneth J. Morrissey, IBM

1

submits that summary judgment for IBM is appropriate on Adams' interest claim. Summary judgment is appropriate under ERISA because the Plan Administrator's denial of Adams' interest claim was neither arbitrary nor capricious.

Specifically, Adams was not entitled to interest for two reasons. First, he failed to timely elect and commence his lump sum Personal Pension Benefit after his retirement from IBM. Second, the Plan does not allow for interest beyond age 65. Adams was 67 years old when he retired from IBM on May 31, 2003.

II.    STATEMENT OF UNDISPUTED FACTS

A.    ADAMS' EMPLOYMENT AT IBM

1.    Adams was born on September 29, 1935. Adams Dep., p. 8, lines 17-18. [1]

2.    He began working for IBM as a service representative technician on November 7, 1956. Adams Dep., p. 7, lines 22-24. He later worked on the Help Desk.

3.    Adams initially retired from IBM on September 30, 1993 when he was 58 years old. Adams Dep., p. 21, lines 4-5 and p. 22, lines 11-15. When he

---

[1] Pages from Richard Adams' Deposition referenced herein are attached in numerical order as Exhibit "A".

retired, he began receiving a monthly IBM pension benefit of $1,900.  Adams

Dep., p. 24, lines 7-11.

4.    After he left IBM, he went to work for TSS, an IBM Joint Venture.

Adams Dep., p. 22, lines 21-25.  He continued to draw his IBM pension while at

TSS.  Adams Dep., p. 23, lines 18-21.

5.    Adams worked for TSS until January 1, 1999 when IBM took over

TSS and he was rehired by IBM.  Adams Dep., p. 24, lines 15-25.   Adams then

worked for IBM until he retired again on May 31, 2003.  Adams Dep., p. 7, line 25

and p. 8, lines 1-3.

6.    Adams was 67 years old when he last retired.  Adams Dep., p. 19,

lines 3-8.

B.    IBM'S PERSONAL PENSION PLAN

7.    When Adams last retired, the IBM Personal Pension Plan

determined a participant's benefit by reference to a Personal Pension Account

("PPA").  Morrissey Affidavit, ¶ 4.[2]  Plan Section 11.1, p. 31. [3] Every month a

participant's PPA accumulates "pay credits" at a rate of 5% of the employee's

salary and "interest credits" at a rate one percentage point higher than the rate of

---

[2]  Kenneth J. Morrissey's Affidavit is attached as Exhibit "B".
[3]  IBM's Personal Pension Plan is attached as Exhibit "C".

return on one year treasury securities.  Morrissey Affidavit, ¶ 4 and Plan Sections 11.3 and 11.4, pp. 33-34.

8.      When a participant retires, he/she may withdraw the account balance as a lump sum, convert the account balance into an immediate life annuity, or defer the receipt of a lump sum or a life annuity until a later date. Morrissey Affidavit ¶ 5 and Plan Section 12.3 (c), p. 37.

9.      If the participant elects to defer receipt of a lump sum or life annuity, he/she continues to accumulate interest credits until his PPA balance is withdrawn or converted into a life annuity.  Morrissey Affidavit, ¶ 5 and Plan Sections 11.4 and 11.5, p. 34.

10.     Significantly, the Plan requires the participant to immediately elect the distribution of the PPA account balance – or to "commence the benefit"- after the employee's separation from IBM.  Morrissey Affidavit, ¶ 6, Plan § 12.1 (a): 12.1 Time of Retirement Income Payment.

> Benefit Commencement Date.  Except as provided in Section 12.1(d), a Participant shall elect, in accordance with Section 12.4, a Benefit Commencement Date(s) for his or her retirement income that is the first day of any month between (1) the first day of the month next following the Participant's termination of employment with IBM and its Affiliates, and (2) the first day of the month next following the  later of the Participant's termination of employment with IBM and its Affiliates and the Participant's Normal Retirement Date.

4

A participant elects his/her distribution by completing and submitting to IBM the proper written application at any time 90 days prior to the benefit commencement date.  Plan § 12.4(a) and Morrissey Affidavit, ¶ 6.

11.     Finally, the Plan Administrator may delay the distribution of benefits until proper, written application for such benefits has been made to the Employee Service Center ("ESC").  Plan § 12.1 (c) and Morrissey Affidavit, ¶ 6.

12.     The Plan also does not pay any interest on a lump sum distribution beyond the Plan's normal retirement age of 65.  About Your Benefits Personal Pension Plan, January 1, 2005, Document Number: USHR 108 (Summary Plan Description hereinafter "SPD") § 1.6.8.1, p. 22 and Morrissey Affidavit, ¶ 7.

C.     ADAMS' FAILURE TO TIMELY COMMENCE HIS BENEFITS AND ELECT A DISTRIBUTION OF HIS PPA

13.     Until Adams last retired on May 31, 2003, he was a Plan participant in PPA.  Morrissey Affidavit, ¶ 8.

14.     When Adams retired, he received a benefits estimate from IBM that assumed he would commence his benefits on June 1 2003.  Adams Dep., p. 85, lines 1-25 and Exhibit Nos. 19 and 20.[4]

---

[4]  All Exhibits to Richard Adams' Deposition referenced herein are attached in numerical order as Exhibit "D".

15.     The estimate determined that the outstanding account balance ("OAB") of his PPA was $151,349.10.  Exhibit 20 and Adams Dep., p. 84, lines 9-16.

16.     The document gave an estimate of his payment options including a lump sum or a single and joint and survivor annuity benefit.  Exhibit 20.

17.     Adams also received a written detailed guide describing his options and instructing him to commence his benefits by calling the IBM Employee Services Center with a telephone number.  Adams Dep., p. 62, lines 22-25 and p. 63, lines 1- 25 and p. 64, lines 1-14..

18.     However, Adams admittedly elected not to commence his benefits as instructed when he retired.  Adams Dep., p. 86, lines 1-6 and p. 48, lines 1-6.

19.     Indeed, he chose to wait to make any election because he decided to contest the OAB calculation of $151,349.10.  Adams Dep., p. 39, lines 23-25 and p. 40, lines 1-16.

20.     Adams thought if he made an election and commenced his benefits when he retired he would then be precluded from challenging the OAB calculation.  Adams Dep., p. 40, lines 12-18.

21.     Accordingly, Adams waited for more than two years before finally making an election of a lump sum distribution of $151,349.10.  Adams Dep., p.

39, lines 10-22.  He received the lump sum payment in the middle of September of 2005.  Adams Dep., p. 39, lines 19-22.

22.     Prior to his retirement and during his employ at IBM, Adams had access to the IBM Personal Plan Document and the Summary Plan Description. Adams Dep., p. 13, lines 14-21.

23.     He was also sent a copy of the Plan in August of 2003.  Adams Dep., p. 61, lines 21-25 and p. 62, lines 1-16.

24.     Adams recalls that when he retired, he was supposed to call IBM and make his election.  Adams Dep., p. 60, lines 1-6.

25.     Adams admits that after he retired but before he elected his benefits, he was told numerous times by IBM that because he never commenced his benefits when he retired (by calling the ESC and electing a payment option and distribution) he would not be paid interest on his distribution.  Adams Dep., p. 28, lines 12-20, p. 29, lines 10-17, p. 31, lines 1-9, p. 32, lines 1-10 and p. 54, lines 3-7.

26.     Long before his election, Adams received letters from the Plan Administrator, Ken Morrissey, informing him he would not be entitled to interest on his distribution because of the delay in commencement caused by his

failure to take the necessary steps to start the benefit payments.  <u>See</u> Exhibits 7, 8, and 12.

> D.   ADAMS' INTEREST CLAIM

27.   While Adams had a long-term dispute with IBM over the calculation of his PPA balance the only claim he has brought in this lawsuit is for the interest on that $151, 349.10 balance.  Adams Dep., p. 11, lines 7-25, p. 12, lines 1-12.  <u>See also</u> Defendant's Exhibit No. 2, ¶¶ 1A and 1B and Defendant's Exhibit Nos. 3 and 4.

28.   Adams' interest claim is based entirely on four documents.  Adams Dep., p. 66, lines 1-20.

29.   First, he relies on section 1.6.5 of the SPD, Defendant's Exhibit No. 5, which reads as follows:

> If you leave IBM with vested benefits, you may elect to defer all or part of your payment until a later date, but no later than the first day of the month following your 65th birthday.  If you elect to defer part of your benefit, your next election must be to take your remaining account balance either as a lump sum or as an annuity.

> The portion of your account balance that you defer will remain in the plan and continue to earn interest credits each month until your account balance is distributed in its entirety.  <u>See</u> Adams Dep., p. 27, lines 5- 25, and p. 28, lines 1-24.

30.   Adams admits, however, that he never made such an election or commenced his benefits under the above provision because he was still

disputing the balance and he was concerned that commencing a lump sum benefit may effect his rights under a class action pending against IBM in <u>Cooper, et al v. The IBM Personal Plan and IBM Corporation</u>, Civil Action No. 99-829-GPM, in the United States District Court for the Southern District of Illinois ("Cooper").  Adams Dep., p. 28, lines 1-25 and p. 29, lines 1-7.

31.    Second, he relies on language in an order in the Cooper case describing the IBM Personal Pension Plan.  Adams Dep., p. 46, lines 13-25, p. 47, lines 16-25, p. 48, lines 1-25, p. 49, lines 1-25 and p. 50, lines 1-20.

32.    The order merely describes how interest accumulates until his/her PPA balance is withdrawn.  The cited paragraph, however, assumes the former employee has made an election and commenced his/her benefits under the plan.  Adams admits he did neither when he retired.  Adams Dep., p. 48, lines 1-7, p. 49, lines 1-9.

33.    Adams argues IBM owes him interest because he did nothing.  Adams Dep., p. 50.  He admits, however, that the language cited does not say you are entitled to interest if you make no election.  Adams Dep., p. 50, lines 1-8.

34.    Third, Adams relies upon an IBM Savings Plan Payment Rights Notice to support his interest claim.  <u>See</u> Defendant's Exhibit No. 16; Adams Dep., p. 66, lines 14-17.  The Notice provides in pertinent part:

9

"Notice Regarding Commencement of Benefits

You may chose to delay the commencement of your benefits until age 70-1/2."

35.    The above notice has no bearing whatsoever on IBM's Personal Pension Plan.   Morrissey Affidavit, ¶ 9.   The notice only concerns the IBM Savings Plan – a separate plan.  Morrissey Affidavit, ¶ 9.

36.    Adams admits he participated in the IBM Savings Plan.   Adams Dep., p. 81, lines 1-22.   He withdrew all his money from that plan since he retired.  Adams Dep., p. 81, lines 18-22.

37.    Fourth, Adams relies on an IBM Projection Statement dated April 18, 2005 containing an estimate of his PPA benefits.   Defendant's Exhibit No. 8. Adams Dep., p. 35, lines 16-25.  The Statement provides in pertinent part:

"Determining Your Distribution Date

Choosing the date that you will begin to receive your pension benefit is an important decision.   If you elect a lump sum, the amount of your lump sum will be larger the longer you wait to receive your benefit."

38.    The Statement, however, also contains an eligibility provision directly above which provides:

"Eligibility Information

You may begin to receive your pension benefit as of the first day of any month after your separation from employment.   You may also elect to

10

begin to receive a portion of your benefit as of the firs day of any month and the rest of your benefits as of the first day of any subsequent month. However, you may not begin to receive your benefit later than the first month following your 65th birthday, or, if later, following the date you separate employment from IBM."

39.     Hence, under the above, an employee must begin to receive the lump sum benefit either by age 65 or, if later, by the first day of the month following the date of separation.  Morrissey Affidavit, ¶ 10.

40.     Adams admits he did not elect to receive a lump sum benefit either the first day of the month following his 65th birthday or following the date he separated employment from IBM.  Adams Dep., p. 36, lines 13-25 and p. 37, lines 1-6.

E.  THE DISCRETION OF THE PLAN ADMINISTRATOR

41.     To interpret the Plan, IBM's Pension Plan clearly grants discretion to the Plan Administrator:

The powers of the Plan Administrator shall include, without limitation, the full authority and discretion: (a) to promulgate and enforce such rules and regulations as it shall deem necessary or appropriate for the administration of the Plan, (b) to incorporate changes required by law, (c) to interpret the Plan (including the review of claims pursuant to Article 7), consistent with the terms and intent thereof, and resolve any possible ambiguities, inconsistencies and omission, (d) to determine the appropriate retirement income and Survivor Benefits in accordance with the provisions of the Plan, and (e) to determine whether one form of income under the Plan is the Actuarial Equivalent of another form of income under the plan.  All such determinations and interpretations shall

11

be conclusive, provided it is in accordance with the requirements of ERISA and the Code. (IBM Personal Pension Plan, Jan. 1, 1995, at 23.)

Respectfully submitted this 17th day of July, 2006.


s/Stephen X. Munger, Esq.
Georgia Bar No. 529611
Owen T. Hill
Georgia Bar No. 354393
Attorneys for Defendant
JACKSON LEWIS, LLP
245 Peachtree Center Avenue, N.E.
1900 Marquis One Tower
Atlanta, Georgia  30303-1226
Telephone:  (404) 525-8200
Facsimile:  (404) 525-1173
mungers@jacksonlewis.com


## CERTIFICATION

I hereby certify that this document has been prepared in Book Antiqua font, 13 point, in compliance with LR 5.1C of this Court.

s/Stephen X. Munger, Esq.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:05-CV-3308-TWT |
| IBM CORP. | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 17, 2006 I electronically filed IBM's Statement of Facts In Support of Its Motion for Summary Judgment with the Clerk of Court using the CM/ECF system.  I also hereby certify that I have mailed the foregoing document via United States Postal Service Certified Mail Return Receipt Requested to the following non-CM/ECF *pro se* plaintiff.

       Richard A. Adams
       2401 Winshire Drive
       Decatur, GA  30035

       s/Stephen X. Munger
       Georgia Bar No. 529611
       Attorneys for Defendant
       JACKSON LEWIS, LLP
       245 Peachtree Center Avenue, N.E.
       1900 Marquis One Tower
       Atlanta, Georgia  30303-1226
       Telephone:  (404) 525-8200
       Facsimile:  (404) 525-1173
       mungers@jacksonlewis.com