UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| RICHARD A. ADAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION FILE NO. |
| | ) 1:05-CV-3308-TWT |
| IBM CORP., | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

On August 1, 2006, Plaintiff Richard Adams ("Adams") filed a Motion for Summary Judgment ("Motion") with a supporting Memorandum of Law (Memorandum). The Motion and Memorandum do not contain a statement of facts much less a statement of undisputed material facts. Assuming the primarily unsupported facts in the Memorandum are the basis for the Motion, Defendant IBM Corp. ("IBM") now responds to each paragraph in the Memorandum as set forth below.

1. The first paragraph of the Memorandum contains nothing more than an argument and legal conclusion based on language contained in an opinion by Judge Murphy in Cooper v. The IBM Persona Pension Plan and IBM Corp., 2005 U.S. Dist. LEXIS 17071 (S.D. Ill. August 16, 2005), reversed at Cooper

v. IBM Pension Plan and IBM Corp., 2006 U.S. App. LEXIS 20128 (7th Cir. August 7, 2006) (describing the IBM Personal Pension Plan) (attached hereto as Exhibit "A"). Such arguments cannot be considered by the Court under Local Rule 56.1 B (1). Moreover, the language cited in the opinion is not material to the denial of interest here since there was no issue in the opinion concerning eligibility for or the method or timing of electing lump sum benefits. Likewise, the age 65 limit for accruing interest credits under the Plan was not at issue.

    2.    The second paragraph of the Memorandum contains nothing more than speculation by Adams as to why the language cited in the District Court's Cooper opinion makes no reference to the age limit for accruing interest credits under the Plan. Indeed, it is clear from the entire 24 page opinion in Cooper that the class was only challenging the benefit accrual rate up to age 65. See Cooper, 2005 U.S. Dist. LEXIS 17071 *3. Moreover, the class was also challenging how interest credits accrued until a participant reached normal retirement age of 65 years of age. Id. Hence, there was no claim or issue in the opinion addressing eligibility, commencing benefits or the age 65 cutoff for accruing interest credits under the Plan. The paragraph also should not be considered as it contains nothing more than argument and legal conclusions. Local Rule 56.1 B (1).

3. IBM does not dispute that Adams last retired from IBM at age 67 as contained in the third paragraph of the memorandum. Moreover, he continued to accrue interest credits after age 65 until he retired because he was still employed at IBM at the time. See Supplemental Morrissey Affidavit, ¶12 (attached hereto as Exhibit "B").

4. IBM disputes all of Paragraph 5 as immaterial to any claim of lost interest credits as the Plan dictates that interest credits are calculated at a rate of one percentage point higher than the rate of return on one year treasury securities. Morrissey Affidavit, ¶ 4 and Plan Sections 11.3 and 11.4, pp 33-34. See also Adams Dep., p. 67, lines 4-15, p. 71, line 25, p. 72, lines 1-25, p. 73, lines 1-11 (attached hereto as Exhibit "C"). Thus the earnings or "gains" of the plan are irrelevant.

5. IBM disputes Paragraph 6 on page 4 of the Memorandum because both §§ 1.65 and 1.51 of the Summary Plan Description make clear that the participant can only defer payment of the lump sum benefit until the first day of the month following his/her 65th birthday after leaving IBM. See Exhibit 3 to Plaintiff's Motion and Exhibit 5 to Adams Dep.[1] Moreover, under Section 12.1 (a) of the Plan, if the Plan Participant is older than 65 years of age retirement income

---

[1] The original deposition transcript, with attached exhibits, will be filed contemporaneously herewith via hand delivery.

3

payments cannot be made later than the employee's separation date. Morrissey Affidavit, ¶ 13 (Section 12.1(a) attached hereto as Exhibit "D"). Finally, any retirement payments are suspended if the participant is employed by IBM after normal retirement age. Once employment ends the participant must receive the benefit. Section 15.1 of the Plan (attached hereto as Exhibit "E"), Employment Beyond Normal Retirement Age Provides:

> Except as provided in Section 12.1(d), if a Participant continues to be employed by IBM or an Affiliate after Normal Retirement Age, any retirement income payments otherwise payable to such Participant shall be suspended during the period of employment. Upon termination of employment with IBM or any of its Affiliates, the Participant shall receive retirement income based on his or her Personal Pension Account.

6. In Paragraph 7 on page 5 of the Memorandum, Adams challenges ¶ 4 of the Morrissey Affidavit which refers to the Plaintiff in this case as "Charles Adams" rather than "Richard" Adams. This typographical error has been corrected to reflect the correct first name of the Plaintiff. See Supplemental Morrissey Affidavit, Footnote 1.

7. In Paragraph 8 on page 5 of the Memorandum, Adams agrees with ¶ 5 of the Morrissey Affidavit. However, he claims he did elect to defer his distribution as referenced in ¶ 6 of the Morrissey Affidavit. IBM disputes this unsupported assertion because Adams admitted in his deposition that he did not

elect to commence his benefits as instructed when he retired. Adams Dep., p. 86, lines 1-6 and p. 48, lines 1-6. Indeed, instead he chose to wait more than two years to elect a lump sum benefit because he decided to challenge the calculation of his PPA balance. Adams Dep., p. 39, lines 10-22 and 23-25 and p. 40, lines 1-16.

8. In Paragraphs 9, 10 and 11 on pages 5 and 6 of the Memorandum, Adams alleges the age 65 cutoff for interest credits under the Plan in ¶ 7 of the Morrissey Affidavit is age discrimination. IBM submits this assertion is nothing more than a legal conclusion in violation of Local Rule 56.1(B)(1). Moreover, there is no claim of age discrimination in this case. Such a claim would be untimely. Finally, for reasons set forth in the attached supporting Memorandum of Law, the provision is not unlawful discrimination.

9. Finally, Paragraphs 12, 13 and 14 under the "Conclusion" of the Memorandum are nothing more than repetitive conclusory arguments that violate Local Rule 56.1(B) and should be disregarded.

Respectfully submitted this 18th day of August, 2006.

> s/Stephen X. Munger, Esq.
> Georgia Bar No. 529611
> Owen T. Hill
> Georgia Bar No. 354393
> Attorneys for Defendant
> JACKSON LEWIS, LLP
> 245 Peachtree Center Avenue, N.E.
> 1900 Marquis One Tower
> Atlanta, Georgia 30303-1226
> Telephone: (404) 525-8200
> Facsimile: (404) 525-1173
> mungers@jacksonlewis.com

6

## CERTIFICATION

I hereby certify that this document has been prepared in Book Antiqua font, 13 point, in compliance with LR 5.1C of this Court.

<u>s/Stephen X. Munger, Esq.</u>

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| RICHARD A. ADAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE NO. |
| | ) | 1:05-CV-3308-TWT |
| IBM CORP., | ) | |
| | ) | |
| Defendant. | ) | |

CERTIFICATE OF SERVICE

    I hereby certify that on August 18, 2006, I electronically filed the foregoing Defendant's Opposition to Plaintiff's Motion for Summary Judgment with the Clerk of Court using the CM/ECF system. I also hereby certify that I have mailed the foregoing document via United States Postal Service Certified Mail Return Receipt Requested to the following non-CM/ECF *pro se* plaintiff.

    Richard A. Adams
    2401 Winshire Drive
    Decatur, GA  30035

    s/Stephen X. Munger
    Georgia Bar No. 529611
    Attorneys for Defendant
    JACKSON LEWIS, LLP
    245 Peachtree Center Avenue, N.E.
    1900 Marquis One Tower
    Atlanta, Georgia  30303-1226
    Telephone:  (404) 525-8200
    Facsimile:  (404) 525-1173
    mungers@jacksonlewis.com