UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
                                      :
RICHARD A. ADAMS, On behalf of himself and on  :   Case No. 07 CV 6984 (JSR)
behalf of all others similarly situated,       :
                                      :
                                      :
              Plaintiff,              :
                                      :
                                      :
        - against -                   :
                                      :
                                      :   ECF CASE
IBM PERSONAL PENSION PLAN and         :
KENNETH J. MORRISSEY, Plan Administrator,  :
                                      :
              Defendants.             :
                                      :
                                      :
                                      :
------------------------------------- x


**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO
DISMISS FOR FAILURE TO STATE A CLAIM (RES JUDICATA) OR FOR
TRANSFER TO THE DISTRICT COURT THAT DECIDED
PLAINTIFF'S FIRST ACTION**

# TABLE OF AUTHORITIES

## CASES

*Alpert's Newspaper Delivery Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989)..................................................................................................3

*AmBase Corp. v. City Investing Co. Liquidating Trust*, 326 F.3d 63, 73 (2d Cir. 2003)..................................................................................................4

*Amalgamated Sugar Co. v. NL Industrial, Inc.*, 825 F.2d 634, 640 (2d Cir. 1987).............4

*Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115, 1122-23 (S.D.N.Y. 1986), *aff'd per curiam*, 822 F.2d 14 (2d Cir. 1987)................................................................3

*Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996) ........................................................1

*Index Fund, Inc. v. Hagopian*, 677 F. Supp. 710, 716 (S.D.N.Y. 1987) ..............................3

*Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1189-90 (7th Cir. 1994).........................4

*Kendall v. Avon Products, Inc.*, 711 F. Supp. 1178, 1182 (S.D.N.Y. 1989) .......................5

*Lucas v. United States*, 963 F.2d 8, 14 (2d Cir. 1992)..........................................................1

*In re Supervan*, 92 F.3d 366, 371 (5th Cir. 1996)................................................................5

*Tocker v. Phillip Morris Cos.*, 470 F.3d 481, 485-86, 490-91 (2d Cir. 2006).................2, 3

*United States v. Helmsley*, 864 F.2d 266, 268 (2d Cir. 1988) .............................................1

## STATUTES

Fed R. App. P. 4(a) ................................................................................................................1

## INTRODUCTION

Adams does not dispute that *res judicata* would bar this action if he had sued the Plan administrator instead of IBM in his Georgia action. Instead, Adams argues that *res judicata* should not bar this action because he sued IBM rather than the Plan administrator. Adams' argument is unavailing.

## ARGUMENT

**I.  Adams Is Improperly Seeking To Mount A Collateral Attack On A Decision By Another District Court In A Case That He Brought And Elected Not To Appeal.**

When the district court in Georgia denied Adams' post-judgment motion, Adams could have appealed to the Eleventh Circuit. Instead of appealing, Adams, represented by counsel, elected to refile his action in a different jurisdiction. Defs.' Mem. 4-5, 9 n.7. But here, as in other contexts, "there is no basis . . . for allowing collateral attack 'to do service for an appeal.'" *Lucas v. United States*, 963 F.2d 8, 14 (2d Cir. 1992) (citation omitted and capitalization altered). To allow collateral attack in these circumstances would also enable a losing plaintiff to avoid the time limit for taking an appeal, *see* Fed R. App. P. 4(a), and vitiate "a fundamental canon of our legal system, to promote the finality of judgments," *Glinka v. Maytag Corp.*, 90 F.3d 72, 74 (2d Cir. 1996), "an essential tool in the efficient administration of justice," *United States v. Helmsley*, 864 F.2d 266, 268 (2d Cir. 1988).[1]

---

[1] It is apparent that Adams asked the district court in Georgia to allow him to file an amended complaint in order to relitigate his claims in that court, this time represented by counsel. *See* Defs.' Mem. Ex. C6 at 5. Adams offered as his justification for amending his complaint the fact that he had mistakenly sued IBM rather than the Plan administrator, and that because of his mistake the court's judgment was void. *See id*.

1

**II.     Adams' Contention That *Res Judicata* Should Not Apply Because He Is Suing Different Parties Here Than He Did In His Georgia Action Is Incorrect.**

A.     The Second Circuit's decision in *Tocker v. Phillip Morris Cos.*, 470 F.3d 481 (2d Cir. 2006), forecloses Adams' contention that *res judicata* should not apply.  Tocker, acting *pro se* in the district court, sued his former employer, the plan sponsor, alleging that the plan administrator had unreasonably denied him pension benefits.  *Id.* at 486.  The employer moved for summary judgment on the ground that Tocker had named the wrong defendant and that, in any event, the denial of benefits was reasonable.  *Id.*  In response, Tocker moved to amend his complaint to name the proper defendants (the plan and plan administrator).  *Id.*  Holding that the denial of benefits was reasonable, the court granted the employer's motion for summary judgment.  *Id.*  The district court then denied Tocker's motion for leave to amend.  *Id.*  The court reasoned that, because Tocker's benefits claim lacked merit, amending the complaint to name the proper defendants would be futile.  *Id.*  The court did not address Tocker's claim for breach of fiduciary duty, which Tocker had raised for the first time at oral argument.  *See id.* at 490.

On appeal, the Second Circuit affirmed the district court's denial of Tocker's benefit claim and his motion to amend his complaint, explaining that a motion to amend may be denied "when amendment would be futile."  470 F.3d at 491.  However, because the district court had not decided Tocker's fiduciary claim, the Second Circuit vacated and remanded "that part of the judgment that dismissed plaintiff's fiduciary duty claim," *id.*, and directed the district court to consider, on remand, "whether it would be futile to amend Tocker's complaint as it proceeds with [his] fiduciary duty claim."  *Id.*  Tocker was represented by counsel on appeal.  *Id.* at 485.

The Second Circuit's decision in *Tocker* controls this case.  The decision makes clear that a plaintiff's failure to name the proper defendant does not give the plaintiff license to relitigate his benefit claim against a proper defendant after the plaintiff's claim has been denied on the

merits. That is what Adams seeks to do here. The fact that Adams seeks to relitigate his claim against the proper defendant in this Court, rather than in the district court in Georgia, does not lead to a different conclusion. The plaintiff is not allowed a second bite at the apple.

      B.      Even if *Tocker* were not dispositive, Adams errs in contending that *res judicata* does not apply because he is not suing the same defendants in this action that he sued in the Georgia action. As Defendants have explained, IBM and Defendants are not different defendants for *res judicata* purposes because IBM and Defendants are privies and IBM stood in Defendants' shoes in the Georgia action. Defs.' Mem. 7-8. Even treating IBM and Defendants as different defendants for *res judicata* purposes, "it has been held in numerous . . . situations, that when new defendants are closely related to the earlier defendants, and the second action is based on the same claim, nonmutual claim preclusion is justified." *Index Fund, Inc. v. Hagopian*, 677 F. Supp. 710, 716 (S.D.N.Y. 1987).

      This case meets the conditions for applying nonmutual claim preclusion stated by this Court in *Cahill v. Arthur Andersen & Co.*, 659 F. Supp. 1115 (S.D.N.Y. 1986), *aff'd per curiam*, 822 F.2d 14 (2d Cir. 1987). First, Adams was the plaintiff in the prior suit. *See id.* at 1122-23. Second, in the prior suit, Adams "had a prior opportunity to raise all claims relating to the disputed transaction." *Id.* at 1123. Third, there exists a "special relationship" between IBM and Defendants that makes it appropriate to apply *res judicata* "despite the lack of complete identity of parties." *Id*. *See* Defs.' Mem. 8. As the Second Circuit has stated:

> [O]ne whose interests were adequately represented by another vested with the authority of representation is bound by the judgment, even though the first party was not formally a party to the litigation. The issue is one of substance rather than the names in the caption of the case; the inquiry is not limited to a traditional privity analysis.

*Alpert's Newspaper Delivery Inc. v. The New York Times Co.*, 876 F.2d 266, 270 (2d Cir. 1989) (finding privity where a person's financing and litigation strategy were provided by the same

"mastermind" who controlled the previous litigation). *See also Amalgamated Sugar Co. v. NL Indus., Inc.*, 825 F.2d 634, 640 (2d Cir. 1987) ("The doctrine of privity, which extends the *res judicata* effect of a prior judgment to nonparties who are in privity with the parties to the first action, is to be applied with flexibility.").

Adams contends that nonmutual *res judicata* does not apply because Adams did not intentionally "split" his claims against different defendants into separate lawsuits, and because Defendants acquiesced in being separately sued by not insisting on joining IBM as defendants in the Georgia action. Pl.'s Opp. 1-2, 8-10.[2] As Defendants have explained, however, IBM and Defendants are not different defendants for *res judicata* purposes. *See supra* page 3. That IBM stood in Defendants' shoes also disproves Adams' contention that IBM had no "practical stake" in the outcome of the Georgia action. Pl.'s Opp. 11-12.[3]

---

[2]  "[The] rule against claim splitting is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times." *AmBase Corp. v. City Investing Co. Liquidating Trust,* 326 F.3d 63, 73 (2d Cir. 2003).

[3]  Plaintiff's suggestion that, because of the Plan's "robust surplus," IBM had no "practical stake" in the outcome of the Georgia litigation (Pl.'s Opp. 11-12) does not reflect reality. Even assuming that Plaintiff's characterization of the Plan's funded condition was accurate throughout the Georgia litigation, a pension plan's funded condition at any point in time is subject to change and can swing from a surplus to a deficit position and vice versa, depending on changes in the fair market value of its assets and in the present value of its liabilities. *See Johnson v. Georgia-Pacific Corp.*, 19 F.3d 1184, 1189 (7th Cir. 1994) ("Consider what the 'surplus' of a defined - benefit plan is. It is not a pile of assets stacked in the corner. It is instead an accounting construct. The plan determines the value of its assets . . . . It also estimates the cost of fulfilling all of the promises to pay vested benefits. . . . The difference between these is the 'surplus' or 'deficit' . . . ."). As the Plan's sponsor, IBM was and is responsible for contributing to the Plan amounts that are sufficient to meet ERISA's funding requirements. An employer does not become permanently exempt from ERISA's funding requirements merely because, at some point, the current value of the plan's assets exceeds the present value of the plan's liabilities. *Id.* at 1189-1190 ("If the investments appreciate, the plan . . . may retain the surplus as a cushion against the day when yields decrease. . . . Pension law covers bad times as well as good times. In

(continued…)

Citing *In re Supervan*, 92 F.3d 366 (5th Cir. 1996), Adams contends that Defendants "acquiesced" in his claim-splitting by failing to insist on being joined as defendants in the Georgia action. Apart from the fact that IBM and Defendants are not separate defendants for *res judicata* purposes, *Supervan* is inapposite. In *Supervan*, the Fifth Circuit found that the defendants had acquiesced in the plaintiff's claim-splitting because the defendants had not objected to, and indeed had supported, the plaintiff's simultaneously litigating parts of the same claim against the defendants in different courts. *See id.* at 371. *See also Kendall v. Avon Prods., Inc.,* 711 F. Supp. 1178, 1182 (S.D.N.Y. 1989). Here, by contrast, Adams is not litigating parts of his claim simultaneously in different courts, and Plaintiff's assertion that Defendants have acquiesced in Adams' claim-splitting is therefore baseless.

## CONCLUSION

For the foregoing reasons, the motion should be granted.

Dated: New York, New York
October 4, 2007

Respectfully submitted,

COVINGTON & BURLING LLP

By:    s/ David Z. Pinsky_____
David Z. Pinsky

620 Eighth Avenue
New York, New York 10018
Tel: (212) 841-1000

Jeffrey G. Huvelle  (*pro hac*)
David H. Remes  (*pro hac*)

---

bad times (when declines in the value of assets make plans underfunded) employers must contribute more.").

1201 Pennsylvania Avenue, NW
Washington, D.C. 20004-2401
Tel: (202) 662-6000

*Attorneys for Defendants*