```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------- x
RICHARD A. ADAMS, on behalf of          :
himself and on behalf of all others     :
similarly situated,                     :
                                        :
                Plaintiff,              :    07 Civ. 6984 (JSR)
                                        :
        -v-                             :    MEMORANDUM ORDER
                                        :
IBM PERSONAL PENSION PLAN, KENNETH J.   :
MORRISSEY, Plan Administrator,          :
                                        :
                Defendants.             :
---------------------------------------- x
```

JED S. RAKOFF, U.S.D.J.

Plaintiff Richard Adams, a former employee of IBM Corporation ("IBM"), brings suit against defendants IBM Personal Pension Plan (the "Plan") and Plan Administrator Kenneth Morrissey (the "Plan Administrator") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001 et seq., alleging that defendants failed to provide him with his Plan benefit in accordance with ERISA's requirements and the terms of the Plan. Adams seeks to certify a class of similarly situated Plan beneficiaries and to recover the relief to which he claims he is entitled under the Plan, as well as pre- and post-judgment interest and attorney's fees. Defendants now move to dismiss the complaint, asserting that the instant suit is barred by principles of res judicata as the result of Adams's prior action in the United States District Court for the Northern District of Georgia, in which the court granted the summary judgment motion filed against Adams by IBM, the only defendant in that action. See Adams v. IBM Corp., No. 05 Civ. 3308, 2006 U.S.

Dist. LEXIS 75172 (N.D. Ga. Oct. 13, 2006) ("Adams I") (granting defendant summary judgment); see also Adams v. IBM Corp., No. 05 Civ. 3308, 2006 U.S. Dist. LEXIS 94087 (N.D. Ga. 2006) (denying plaintiff's motion for reconsideration). Adams responds that res judicata does not apply because the defendant in Adams I was IBM, while the present action names the Plan and the Plan Administrator.

A claim brought in a subsequent proceeding is barred by the doctrine of res judicata, or claim preclusion, if (i) the prior action involved a final adjudication on the merits, (ii) the prior action involved the same parties or their privies, and (iii) the claims asserted in the subsequent action were or could have been raised in the prior action. Allen v. McCurry, 449 U.S. 90, 94 (1980); Bronx Household of Faith v. Bd. of Educ., 331 F.3d 342, 362 (2d Cir. 2003). Both parties agree that the first and third requirements are satisfied. Specifically, Adams I resulted in a final adjudication on the merits, and, although Adams's claims in the present action, where he is represented by counsel, are more comprehensive than his claims in Adams I, where he proceeded pro se, Adams does not contest defendants' assertion that his new claims "aris[e] out of the same facts" as those forming the basis of the prior action and "might have been litigated in the prior action but were not." EFCO Corp. v. U.W. Marx, Inc., 124 F.3d 394, 397 (2d Cir. 1997).

The prior action, however, did not involve the same parties as the present action: the (improperly named) defendant in Adams I

2

was IBM,[1] while the defendants in the present case are the Plan and the Plan Administrator. Claim preclusion therefore applies only if the Court finds either that the Plan and Plan Administrator are "privies" of IBM, or that an exception to the mutuality requirement for res judicata applies. In practice, these inquiries turn on whether, in light of the rationales behind claim preclusion, the parties in the past and the present actions have a "special relationship" such that application of the doctrine is appropriate. Cahill v. Arthur Andersen & Co., 659 F. Supp. 1115, 1123 (S.D.N.Y. 1986) (internal quotation marks omitted), aff'd, 822 F.2d 14 (2d Cir. 1987) (per curiam); see also Richards v. Jefferson County, 517 U.S. 793, 798 (1996) (noting that res judicata principles "do not always require one to have been a party to a judgment in order to be bound by it" and that "the term 'privity' is now used to describe various relationships between litigants that would not have come within the traditional definition of that term"); Alpert's Newspaper Delivery, Inc. v. New York Times Co., 876 F.2d 266, 270 (2d Cir. 1989) ("The [privity] issue is one of substance rather than the names in the caption of the case; the inquiry is not limited to a traditional privity analysis."); Amalgamated Sugar Co. v. NL Industries, Inc., 825 F.2d 634, 640 (2d Cir. 1987)("[P]rivity represents a legal conclusion that the relationship between the parties is sufficiently close to support preclusion." (internal quotation marks and

---

[1] The proper defendants in an ERISA action are the plan itself and the plan administrator, not the plan sponsor. See 29 U.S.C. § 1002(21)(A); Mullins v. Pfizer, Inc., 23 F.3d 663, 666 (2d Cir. 1994).

3

alterations omitted)); see generally 18A Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Vikram David Amar, Federal Practice and Procedure § 4448 (3d ed. 2007).

    Here, the defendant in the prior action, IBM, and the defendants in the present action, the Plan and Plan Administrator, are "closely related" for the purposes of this litigation, Cahill, 659 F. Supp. at 1122 (internal quotation marks omitted), in that IBM is the sponsor of the Plan.  Indeed, Adams is seeking to hold the present defendants liable for the same misconduct he alleged in the first action; IBM defended against those allegations in the first action, in part by providing an affidavit from the Plan Administrator; and the court had that affidavit before it when it ruled, on the merits, on Adams's claim.  See Affidavit of Kenneth Morrissey, Ex. B to Memorandum in Support of Defendant's Motion for Summary Judgment, Adams I.  In light of these factors, it is hardly surprising that plaintiff could not identify for the Court during oral argument any material respect in which the prior action would have transpired differently had the proper defendants been named.

    In these circumstances, and particularly where the party seeking to avoid claim preclusion was the plaintiff in the prior action and the sole source of the error in naming the incorrect party, res judicata should bar the plaintiff from gaining a second opportunity to litigate the very same claims, even where complete identity between the parties is lacking.  See Cahill, 659 F. Supp. at 1123.  To find otherwise would be to elevate form over substance in a manner inconsistent with the underlying goals of res judicata.  See

Amalgamated Sugar Co., 825 F.2d at 640 ("The doctrine of privity [in the res judicata context]. . . is to be applied with flexibility."); Expert Electric, Inc. v. Levine, 554 F.2d 1227, 1233 (2d Cir. 1977) (holding that identity of parties for res judicata purposes is a "determination of substance, not mere form").[2]

Although the Second Circuit has not, to the Court's knowledge, addressed directly the issue this case raises, it has implicitly supported this Court's conclusion by finding that where the district court had granted summary judgment on an ERISA claim to improperly-named defendants, there was no need to remand for relitigation of the merits of that claim against the proper party. See Tocker v. Philip Morris Cos., 470 F.3d 481, 491 (2d Cir. 2006) (finding specifically that remanding to permit amendment of the plaintiff's complaint to name the proper parties would be futile as to the ERISA claim, as that claim failed on the merits, but remanding to permit amendment as to the fiduciary duty claim).

For the foregoing reasons, the defendants' motion to dismiss is granted. The Clerk of the Court is directed to enter judgment dismissing the complaint with prejudice and to close all open motions.

---

[2] Adams asserts that IBM, having been incorrectly named in Adams I, deliberately chose not to seek substitution of the Plan and Plan Administrator, but rather to litigate on the merits, in order to keep an "ace-in-the-hole" with which to avoid being bound by an adverse result. See Plaintiff's Opposition to Defendants' Motion to Dismiss, at 4. However, there are myriad reasons IBM might have decided to litigate rather than go to the trouble of substituting the proper defendants, and Adams has pointed to no evidence that the Plan and Plan Administrator did not intend to be bound by the results of that litigation.

5

SO ORDERED.

Dated: New York, NY
       February 4, 2008

_____
JED S. RAKOFF, U.S.D.J.